COBB, Judge.
In this case the defendant objected to the initial sentence announced by the trial judge, insisting on a “right” to reject probation, which he did not have. See Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989). Deferring to the objection, the trial judge postponed sentencing and, in the interim, obtained additional information in regard to the timing of the defendant’s offenses.
Assuming, arguendo, that the issue of vindictiveness is a proper appellate issue in the instant factual setting,[1] the test which we must apply is whether the reasons for the more severe sentence affirmatively appear in the record. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The answer is a definite yes. The trial judge not only articulated his valid reasons for departure in a written order,[2] he detailed his reasoning during the sentencing proceedings as shown by the transcript thereof:
THE COURT: First of all, the Court finds that in the instant case, having reviewed the presentence investigation and the updated or supplemental letter to the presentence investigation, that there were reasons for a departure sentence being imposed in this case. Number one, the timing of the offense in the instant case in relation to when the Defendant was released from prison for previously committed offenses, those dates being released from prison 12/9/87, committed new crimes on 2/20/88. Secondly, that previous efforts of rehabilitation have been unsuccessful. The Defendant was previously placed on probation for five years, he violated that probation, was given thirty months. That was back on April 1, '87, and that the previous violation of probation was a substantial and serious and egregious violation, that being a grand theft and the unlikelihood of rehabilitation that would occur from the imposition of a guidelines sentence. Also the Court cites the continuing pattern of escalating criminal behavior or activity as evidenced by the offenses listed in the presentence investigation. In 1979 as a juvenile the Defendant committed the offense of burglary of a structure, was adjudicated delinquent and was committed to the Department of Health and Rehabilitative Services. Prior to that in ’76, committed burglary of a dwelling, was adjudicated delinquent and committed. These offenses have not all been scored. The Court finds that there *57 are previously unscored juvenile offenses which, because they were older than three years, were not scored, and two of those offenses include two prior B & E’s, burglaries, which in fact is the offense in the instant case in count one, burglary of a dwelling, the Defendant has committed and that is an additional, added reason for a departure sentence being allowable in the instant case.
Speaking further to the continuing pattern of escalating criminal activity, the Defendant committed the offenses in ’85 as shown on page 3-B of the presentence investigation of driving while intoxicated, reckless driving, driving with a revoked license, fleeing or attempting to elude a police officer, was sentenced to time in jail as a result of the commission of those offenses. Later in ’85 again, four months later, driving while intoxicated, driving while license revoked, possession of cannabis under twenty grams, open container of alcohol. Again the Defendant was sentenced in 1986 to time in the county jail as a result of that criminal behavior.
Then another month later in ’85, committed the offense of burglary of a structure, placed on probation for five years, grand — pardon me — that was a sentence imposed 5/16/86. Thereafter, the Defendant was arrested in ’86 while on probation, for grand theft, his probation was violated, he was given thirty months in the Department of Corrections on 4/1/87 and it was that thirty month sentence on the violation of probation and on the substantive offense of grand theft that he was released from prison on 12/9/87, which again, as the Court has previously stated, was approximately sixty days before the commission of the burglary of a dwelling and petit theft in the instant case that the Defendant is not before the Court on.
AFFIRMED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.

. This is not a case where an accused was subjected to more severe punishment for exercising his constitutional right to stand trial, as discussed in Galluci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla.1980), or a case where a defendant was punished for having succeeded in obtaining a new trial on appeal, as in Pearce, infra. Here, the original sentencing hearing was not completed and was continued for further review by the trial court in an effort to fully consider a defense objection.

. The trial court’s order listed four reasons for departure:
1) only 73 days between Phillips’ release from prison and the commission of these offenses;
2) Phillips had violated a prior probation and his rehabilitation was improbable;
3) an escalating pattern of criminal behavior;
4) Phillips' prior unscored juvenile record.
See Williams v. State, 504 So.2d 392 (Fla.1987); Keys v. State, 500 So.2d 134 (Fla.1986).