Grant Samuel YATES,
Appellant (Defendant),

v.

STATE of Wyoming, Appellee
(Plaintiff).

No. 89–156.

Supreme Court of Wyoming.

April 23, 1990.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, and Mike Cornia, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Steven D. Olmstead, Student Intern, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The issue that the court must resolve in this case is whether a trial court lawfully may impose a sentence to the penitentiary as to one or more counts in an information and then, as to a different count, suspend the imposition of sentence and place the defendant on probation with the probation to commence at the end of the imposed term of imprisonment. We conclude that the sentencing combination invoked by the trial court resulted in an infringement of the right of Grant Samuel Yates (Yates) to a disposition of a criminal charge by sentence within a reasonable time. In this instance, the delay in imposing sentence on the count as to which imposition of sentence was suspended exceeded the bounds of reasonableness, and the court could no longer impose the term of imprisonment that was provided upon revocation of Yates' probation. We reverse the sentence imposed upon revocation of Yates' probation and order that it be vacated.

In his Brief of the Appellant, Yates set forth this statement of the issues:

"1. Whether the trial court committed reversible error by requiring that Appellant serve a term of probation.

"2. Whether the trial court exceeded its jurisdiction by requiring that Appellant's probation not commence until completion of the pronounced prison sentence."

The State of Wyoming (State), in its Brief of the Appellee, urges these issues:

"I. Is this appeal barred by the doctrine of *res judicata* or collateral estoppel, because the sentence was affirmed and the issues were decided in appellant's previous appeal, *Yates v. State*, 723 P.2d 37 (Wyo.1986)?

"II. Did the trial court err by imposing sentence without allowing appellant the opportunity to refuse probation?

"III. Did the trial court err by imposing a consecutive sentence of probation on one count to a pronounced prison term on the other counts?"

On September 16, 1985, Yates was charged with three counts of delivering controlled substances to a minor and one count of possession of marijuana and LSD with intent to deliver those substances. He was convicted on all four counts. In a Nunc Pro Tunc Judgment and Sentence that was entered on January 30, 1986, Yates was sentenced to a term of two to four years, to run concurrently, on each of Counts 1, 2, and 4 of the Information. The district court disposed of Count 3 of the Information by providing "that imposition of the sentence on Count 3 be suspended for a period of ten (10) years, Defendant to be placed on probation during that ten (10) year period, said probation to be served consecutively to the sentence previously imposed on Counts 1, 2, and 4." The district court set the terms of Yates' probation and included in the sentence and judgment a provision that, if there was a violation of probation, "the suspension of imposition of sentence shall be terminated and sentence shall be imposed." Yates appealed his convictions to this court, and they all were affirmed. *Yates v. State*, 723 P.2d 37 (Wyo.1986).

We first address the argument of the State that Yates is foreclosed from relief by the doctrine of res judicata or collateral estoppel. In the majority opinion in the prior appeal, the court stated:

"* * * Our review is, therefore, limited to appellant's claim that the trial court abused its discretion in sentencing him to a jail term." *Yates*, 723 P.2d at 38.

The opinion in that case was premised upon Yates' challenge to the discretion of the district court in sentencing him to imprisonment. We held that, under our case law, sentencing decisions are within the sound discretion of the trial court and that there had been no abuse of discretion in sentencing Yates to prison, even though he claimed that ten other defendants in similar cases all were placed on probation. We concluded that the record in Yates' instance disclosed facts that justified the district court's imposition of the prison sentences, and we refused to review Yates' sentence under a grant of a writ of certiorari, as the court had done in *Wright v. State*, 707 P.2d 153 (Wyo.1985), concluding that Yates had failed to demonstrate those rare and unusual circumstances that justify review un-

der an extraordinary writ. The claims that Yates now makes were not raised or addressed in the majority opinion in the first appeal and, upon revocation of the imposed probation and the imposition of a new sentence, Yates must be entitled to a review of the sentence actually imposed even though some of the issues potentially could have been presented in his initial appeal. We reject the opportunity to dispose of the case by applying the doctrines of res judicata or collateral estoppel.

After the completion of Yates' initial concurrent sentences, on May 24, 1989, the State filed a motion to revoke his probation. The case came on for hearing before the district court on May 30, 1989 and, in an Order entered on June 2, 1989, the district court provided "that the probation of * * * Yates be, and the same is hereby revoked, and the Defendant shall serve sentence for Delivery of a Controlled Substance to a minor * * *, the imposition of said sentence having previously been suspended by the [c]ourt." The sentence imposed upon revocation of probation was two to eight years in the penitentiary, and Yates now appeals from that Order.

In arguing his issues, Yates contends that he rejected the sentence to probation, which the law justifies him in doing; that, even if that were not so, the sentence in this instance constituted an abuse of discretion on the part of the trial court; and, finally, that the trial court acted in excess of its jurisdiction in this instance because our cases foreclose the imposition of post incarceration conditions by the sentencing court. We do not agree with the contentions that Yates asserts, but we conclude that the sentence must be reversed and vacated because it was imposed more than one year after the conviction.

We recognize that Yates did not complain of the sentence to probation at the time it was imposed, and he did not then make a demand that the district court impose a sentence to the penitentiary rather than probation. Further, he did not raise that issue in his original appeal. In fact, at sentencing, and in his original appeal, Yates sought the imposition of probation as a sentence on the other counts instead of a prison term. In April of 1988, however, he did address a letter to the district court in which he made it quite clear, in profane and abusive language, that he would not serve probation. In that letter, he cited case authority for the proposition that he had the right to refuse probation and to demand, instead, imposition of sentence.

We are not in accord with those jurisdictions that have upheld the proposition that a defendant may refuse probation and demand imposition of sentence. Annotation, *Right of Convicted Defendant to Refuse Probation*, 28 A.L.R.4th 736 (1984). Rather, we are in accord with the holding of the Supreme Court of Nebraska that probation "is a sentence and not part of a quasi-contract wherein the court offers something which the defendant is free to accept or reject * * *." *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651, 662 (1986); *accord State v. Kinney*, 217 Neb. 701, 350 N.W.2d 552 (1984); *Phillips v. State*, 550 So.2d 55 (Fla.App. 5th Dist.1989); *Woods v. State*, 542 So.2d 443 (Fla.App. 5th Dist. 1989). *See State v. Migliorino*, 150 Wis.2d 513, 442 N.W.2d 36 (1989), cert. denied *sub nom. Haines v. Wisconsin*, — U.S. —, 110 S.Ct. 565, 107 L.Ed.2d 560 (1989) (court upheld rule mandating that a defendant may refuse probation, but suggested to legislature a change in the law to remedy the rule). *Contra People v. Rollins*, 771 P.2d 32 (Colo.App.1989); *State v. McElderry*, 422 N.W.2d 23 (Minn.App.1988) (Minnesota follows a rule that defendant may refuse probation if probation is more onerous than sentence, under mandatory sentencing guidelines); *State v. Carmickle*, 307 Or. 1, 762 P.2d 290 (1988) (court, en banc, upheld rule allowing defendant to refuse probation; but see dissenting opinions of Jones, J., joined by Peterson, C.J., and separate dissent of Gillette, J.). We have held that a convicted person has a right to have the sentencing court consider probation, but that whether probation is granted or denied is the prerogative of the sentencing court. *Sanchez v. State*, 592 P.2d 1130 (Wyo.1979).

■ Yates also relies upon § 7–13–205, W.S.1977 (deleted by 1987 Wyo.Sess.Laws, ch. 157, § 3). That statute provided in pertinent part, "[n]o delay in the passing of sentence or parole of a person as provided in this act shall be ordered against the will of such person." To be read in *pari materia* with that statute was § 7–13–301, W.S. 1977, now identified as § 7–13–302, W.S. 1977 (June 1987 Repl.). In its form at the time that Yates was sentenced, that statute stated:

> "After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition of sentence, or may suspend the execution of all or part of a sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation. With the consent of a defendant charged with a crime, except a crime punishable by death or life imprisonment, the court may suspend trial and place such defendant on probation."

In its current form, the statute now reads:

> "(a) After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, and following entry of the judgment of conviction, the court may:
>
> "(i) Suspend the imposition or execution of sentence and place the defendant on probation; or
>
> "(ii) Impose a fine applicable to the offense and place the defendant on probation." Section 7–13–302, W.S. 1977 (June 1987 Repl.).

This variation in statutory language has no impact on our decision. We conclude that the defendant had no right under either statute to refuse a sentence of probation, and that decision is strengthened by noting that, in the earlier version, the legislature specially provided for consent of the defendant with respect to suspension of trial, but was silent with respect to any consent of the defendant to a sentence of parole.

■ When properly imposed according to the statute, we recognize that a sentence of probation is a final and appealable order. *State v. Kinney*, 217 Neb. 701, 350 N.W.2d 552. *See* Annotation, *Appealability of Order Suspending Imposition or Execution of Sentence*, 51 A.L.R.4th 939 (1987). Certainly, the issues that we have discussed could, or should, have been raised in the original appeal. We address them here only as collateral to, and perhaps of necessity involved in, Yates' appeal from the revocation of his probation.

We turn then to the sentence that was imposed upon the revocation of Yates' probation. Rule 33(a)(1), W.R.Cr.P., provides that "[s]entence shall be imposed without unreasonable delay." [1] While Yates has not clearly posed to us the question of what constitutes "unreasonable delay," and it has not been briefed by the parties, it is our view, based upon our decisions, that the disposition in this case must address that question. We are guided by our recent decision in *Despain v. State*, 774 P.2d 77 (Wyo.1989). In that case, we discussed a number of theories under which claims of unreasonable delay in sentencing are analyzed. We did not find it necessary to

---

1. In reaching our decision, we will rely principally upon the decisions of other state courts. Although we have frequently employed federal precedents as persuasive in interpreting our rules of criminal procedure, because for the most part the federal rules are identical or very similar to ours, we note that, in 1987, Rule 32(a)(1), F.R.Cr.P., the federal counterpart to Rule 33(a)(1), W.R.Cr.P., was amended to read:

> "Sentence shall be imposed without *unnecessary* delay, but the court may, upon a motion that is jointly filed by the defendant and by the attorney for the Government and that asserts a factor important to the sentencing determination is not capable of being resolved at that time, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." (Emphasis added.)

Rule 32(a)(1), F.R.Cr.P., differs in many other respects from our rule as well, but the above-quoted provision was adopted, in part, because:

> " * * * Such factors as cooperating with the Government, testifying against a codefendant, acting as an undercover agent, as well as providing otherwise unavailable information, may be important to the sentencing decision. This modification recognizes the interests of all concerned in weighing such factors prior to the sentencing hearing whenever possible." 1984 U.S.Code Cong. & Admin.News 3182, 3339.

adopt, or exclude, any of those theories. *See* Annotation, *Loss of Jurisdiction by Delay in Imposing Sentence*, 98 A.L.R.3rd 605 (1980). In *Despain*, a presentence report was available to the district court on February 16, 1988; sentence was orally pronounced on April 27, 1988; and the judgment and sentence was entered in the district court on June 20, 1988. We held there that those facts did not constitute a violation of any principles of fundamental fairness, dictated by due process, that serve to prohibit inordinate delay in imposing sentence. This case is different because the judgment and sentence, by its terms, suspended the imposition of sentence. The product of the suspension was that sentence was not imposed until more than three years after the conviction.

In *Despain*, we declined to adopt any specific rule for determining when a delay in sentencing is unreasonable under Rule 33(a)(1), W.R.Cr.P. Our study of the diverse rules that have been invoked in other jurisdictions leads us to the conclusion that all of them are wanting in some respect. We elect to hold that a delay in sentencing in excess of one calendar year from the date guilt is established, either by trial, whether to a jury or to the court, or upon a plea of guilty or nolo contendere, is presumptively unreasonable. A court may not pronounce sentence on a defendant after the expiration of such time, unless the record clearly establishes those facts and circumstances that excuse the delay, thus making later imposition of the sentence reasonable. The State must bear the burden of establishing those facts and circumstances. Our rule with respect to the one-year period is derived in consonance with Rule 36(b), W.R.Cr.P., which permits a trial court to reduce a sentence within one year of its imposition. We recognize that one year is an appropriate period of time within which a district court may reconsider the sentence that it has imposed, and it follows that one year also is a reasonable period of time to require the imposition of sentence. While we hold that the delay in excess of one year is presumptively unreasonable, we do not hold that the delay serves to deprive the district court of jurisdiction. Rather,

we hold that the delay exceeds the bounds of reason if it occurs beyond that date and, in the interest of fairness, due process of law, and expeditious handling of court matters, a court should be foreclosed from imposing sentence after the one year period of time.

The problem that is posed in this case arises because the district court suspended imposition of sentence on Count 3 for a period of ten years, plus four years, minus statutory good time, and minus any credit for presentence confinement. There is no way to avoid the proposition that the judgment, by its terms, specifically suspended the imposition of sentence for that period of time. We understand the salutary motives of the district court and know that the court was acting in good faith in attempting to fashion a sentence that fit the crimes and that would provide clearly needed supervision and external controls for Yates after his release from the penitentiary. We are less than overjoyed in affording the relief that Yates seeks, particularly in view of his obvious disdain for the criminal justice system and society in general. Nonetheless, we are compelled to hold that suspending the imposition of sentence for more than ten years was erroneous under the circumstances of this case.

The effect of our ruling is that when a defendant is to be sentenced for several counts, the district court may not utilize § 7–13–302, W.S.1977 (June 1987 Repl.), in the same way that it might on sentencing for a single count. We conclude that, as a matter of policy, the suspension of imposition of sentence as contemplated by the legislature in adopting this statute assumes that the defendant can immediately begin to serve the term of probation. That is not possible in an instance in which a penitentiary sentence is also imposed. If the trial court wants to adopt a sentencing mix along these lines, it must select a term of imprisonment and then suspend the execution of that sentence placing the defendant on probation following any term of imprisonment. We add only a caveat that, if such a sentence

should be imposed, a court should be careful that the probation under the judicial department of government does not begin until parole, which is controlled by the executive branch of government, has terminated.

If the circumstances justify any delay in the imposition of sentencing, that should be accomplished by obtaining from the defendant a waiver of his right to speedy sentencing. Just as we have held that a defendant may waive a speedy trial, *Taylor v. State*, 612 P.2d 851 (Wyo.1980), it follows that the defendant may waive the requirement of Rule 33(a)(1), W.R.Cr.P., that sentence be imposed without unreasonable delay.

The rule that we espouse protects important rights of the convicted defendant. It serves to prevent the possibility that a greater punishment than is deserved will be imposed because of subsequent conduct that results in a violation of the probation. *Commonwealth v. Tiryung*, 709 S.W.2d 454 (Ky.1986). It also serves to ensure that any vagaries of memory will not interfere with the imposition of a sentence appropriate to the individual and the crime. *State v. Fedder*, 1 Utah 2d 117, 262 P.2d 753 (1953). Although these issues are not before us, we note in support of our policy that the punishment for a violation of probation is the imposition of the sentence for which the defendant was placed on probation and, further, as a general rule, any sentence imposed and then suspended during a period of probation may not be increased because of the conduct that serves as the basis for the revocation. The punishment for that conduct is the revocation itself. If the revocation is justified by the commission of a separate crime, the defendant may be convicted of that crime and then sentenced to the full extent permitted by law for it. *See* Annotations, *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R.4th 883 (1983), and *Propriety, in Imposing Sentence for Original Offense after Revocation of Probation, of Considering Acts Because of Which Probation Was Revoked*, 65 A.L.R.3d 1100 (1975).

We hold that, in this case, the district court failed to impose sentence within a reasonable time pursuant to Rule 33(a)(1), W.R.Cr.P. The order of the district court imposing sentence upon revocation of Yates' probation is vacated, but the judgment of conviction remains.