Alvin JONES, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 90–196.

Supreme Court of Wyoming.

May 15, 1991.

Public Defender Program: Leonard D. Munker, State Public Defender, Cheyenne, Defender Aid Program: Gerald M. Gallivan, Director, Teresa Marie Riley, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Cheyenne, Prosecution Assistance Program: Theodore E. Lauer, Director, Wilhelm F. Bierman, Student Intern, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

The principal issue to be decided in this case is whether the sentence imposed on appellant, Alvin Jones, violated the rule we established in *Yates v. State, infra*, which requires that sentence be imposed within one calendar year from the date guilt is established.

We affirm.

Jones provides this statement of the issues:

I. Whether the district court subjected appellant to double jeopardy when it imposed a one year sentence for 4th degree sexual assault after revoking appellant's probation on a grand larceny charge when he had previously been sentenced to and served 60 days on the fourth degree sexual assault conviction.

II. Whether the 18 month lag between appellant's conviction and sentencing for grand larceny is presumptively unreasonable and requires vacation of the sentence under the standards enunciated by the Wyoming Supreme Court in *Yates v. State*, 792 P.2d 187 (Wyo.1990).

III. Whether appellant should have been given credit for time served as a resident of Community Alternatives of Casper when he was sentenced upon revocation of his probation.

The state describes the issues in this way:

I. Did the district court exceed its jurisdiction when it revoked appellant's probation and imposed a sentence of one year upon the conviction of sexual contact in the fourth degree?

II. Is the right to speedy sentencing violated where the district court defers the imposition of sentence to a term of years and places a defendant on probation for two years, and then twenty months later revokes probation and imposes a sentence to incarceration of four to six years?

On the third issue raised by Jones, the state conceded that Jones was entitled to credit for time served in the community corrections program, forwarded appropriate documentation to the Wyoming State Penitentiary, and ensured that Jones was given credit for that time on the sentence imposed for that particular conviction (Jones has apparently been given yet another sentence for a separate and distinct crime). Thus, since no controversy exists concerning this issue we will not address it.

Judgment and sentence was entered on November 2, 1988. Jones pled no contest and was sentenced to serve sixty days for fourth degree sexual assault.[1] In addition, Jones pled guilty to the crime of larceny[2] and was placed on probation for two years. The former sentence was to be served concurrently with the latter. Jones served fifty-nine days in the Natrona County Jail on the fourth degree sexual assault charge and was then released to serve the remainder of his probation. A significant part of that probation was served under the auspices of the Community Corrections Center in Casper.

---

1. § 6–2–305. **Sexual assault in the fourth degree.**

   Except under circumstances constituting a violation of W.S. 14–3–105, any actor who subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim commits sexual assault in the fourth degree.
   Sexual assault in the fourth degree is a misdemeanor punishable by imprisonment for not more than one year. W.S. 6–2–306(a)(iv) (June 1988 Repl.).

2. § 6–3–402. **Larceny; livestock rustling; penalties.**

   (a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

   \* \* \* \* \* \*

   (c) Except as provided in subsection (e) of this section, larceny is:
   (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00) or both, if the value of the property is five hundred dollars ($500.00 or more).

By order entered on June 28, 1990, the district court found that Jones had violated the terms of his probation and it was, therefore, revoked. Jones was then sentenced to serve four to six years in the Wyoming State Penitentiary on the larceny charge and one year in the Natrona County Jail on the fourth degree sexual assault charge. These sentences were also to be served concurrently. Jones was given credit for the fifty-nine days previously served in the Natrona County Jail.

As to the first issue, the state concedes that the district court erred in imposing the concurrent one-year sentence on the fourth degree sexual assault charge. The state's concession is based on the theory that the maximum sentence for fourth degree sexual assault is one year and more than one year had passed since Jones was originally sentenced on that charge. Moreover, the district court had not placed Jones on probation for the fourth degree sexual assault charge and, therefore, there was no probation to revoke. Jones contends the second sentence violates principles of double jeopardy. Because the state has conceded that the district court erred in imposing the second sentence, we again determine that there is no issue in controversy. We accept the state's concession that the second sentence could not be imposed, but make no comment on the nature of the district court's error.

Finally, Jones asserts that the eighteen-month lag between his conviction and sentencing, upon revocation of probation, requires vacation of the second sentence under the standards enunciated in *Yates v. State*, 792 P.2d 187 (Wyo.1990). There are no meaningful similarities between *Yates*, and the problems identified there which caused us to vacate the sentence imposed, and this case. In *Yates*, prison sentences were imposed which made it virtually impossible to ascertain when the subsequent term of probation of ten years duration was to begin or end. Our principal concerns were that where sentence is suspended and probation allowed, and the possibility exists that the actual sentence could be imposed some fourteen years after the fact, a greater punishment may be meted

out than is deserved because of subsequent conduct that results in a violation of the probation. *Yates*, 792 P.2d at 192. Jones does not raise such an issue here, nor do we perceive a problem in that regard. *See generally*, Annotation, *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R. 4th 883 (1983). Additionally, we were concerned that vagaries of memory could serve to interfere with the imposition of a sentence appropriate to the individual and the crime after the passage of so much time. *Yates*, 792 P.2d at 192. Again, Jones raises no such issue, nor do we perceive one.

Most importantly, in *Yates*, we indicated that where sentence is imposed on several counts, the district court may not use the sentencing option outlined in W.S. 7–13–302 (1987 Repl.) in the *same* way it might on a single count. We indicated that that was not possible where a *penitentiary* sentence is involved because the statute contemplates that the term of probation will begin to run immediately upon imposition of sentence. *Yates*, 792 P.2d at 191. We were also concerned that any such sentence must allow for the possibility that a criminal will be granted parole, which is supervised by the executive branch of government, and that probation should not commence until after any such term of parole is completed. Here a sixty-day jail sentence was imposed and that was to be served immediately. But the probation period also began immediately. Thus, the potential problems to be cured by our decision in *Yates* simply are not present. Jones knew, as do we, precisely when the term of probation was to begin and end. Jones also knew that if he violated the conditions of his probation during the two-year term, any sentence justified by the circumstances, and within the range of confinement authorized by the larceny statute and W.S. 7–13–201 (1987 Repl.), could be imposed pursuant to W.S. 7–13–305(c) (1987 Repl.). *Also see*, 3 W. LaFave & J. Israel, *Criminal Procedure* § 25.4(d) (1984).

In conclusion, we accept the state's concessions of error and direct that the judgment and sentence is modified. The re-

mainder of the judgment and sentence is affirmed.