Rudy DAVILA, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 90–150.

Supreme Court of Wyoming.

Aug. 19, 1991.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Steven E. Weerts, Sr. Asst. Public Defender, David Gosar, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Prosecution Assistance Program, Theodore E. Lauer, Director, and Georgia L. Tibbetts, Student Director, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The only question to be resolved in this case is whether Rudy Davila (Davila) was deprived of his right to a speedy sentence. Davila was placed on probation without any determination of a sentence of confinement and, approximately two years later, a prison term was specified upon the revocation of his probation. Davila relies upon this court's decision in *Yates v. State,* 792 P.2d 187 (Wyo.1990). We hold that there was no deprivation of a right to a speedy sentence in this case, distinguishing it from *Yates.* The sentence imposed by the court upon the revocation of probation is affirmed.

Davila, as appellant, asserts the following issue in his brief:

"Whether the three- to five-year sentence given when appellant's probation was revoked violated his right to sentencing within a reasonable time."

In the Brief of Appellee, the State of Wyoming restates that issue in this way:

"Did the district court violate appellant's right to be sentenced without unreasonable delay when, without pronouncing a term of imprisonment, it placed appellant upon supervised probation for five years, and subsequently revoked appellant's probation nearly two years later and imposed upon him a term of imprisonment for three to five years in the penitentiary?"

The facts that relate to this issue are clear and straightforward. On February 23, 1988, Davila was charged with one count of larceny, a felony, and another count of receiving, concealing, or disposing of property valued at $500 or more. The same automobile was the subject of both counts. A plea agreement was negotiated pursuant to which, in exchange for Davila's plea of guilty to the charge of larceny, the state agreed to dismiss the second count;

not to prosecute a related charge for attempting to elude police officers; and not to seek a jail sentence. Davila promptly tendered his plea of guilty to the larceny count, and the district court accepted that plea. After a pre-sentence report was obtained, the court entered a Judgment and Sentence pursuant to which Davila was placed on five years probation under the supervision of the Wyoming Department of Probation and Parole. Approximately fifteen months later, the Department of Probation and Parole filed a petition with the district court seeking revocation of Davila's probation and asserting, as grounds therefor, the violation of various conditions of that probation. On June 1, 1990, the district court revoked Davila's probation and sentenced him to a term of three to five years in the penitentiary. Davila appeals from that order.

Davila's only argument is that his right to be sentenced without delay was violated when the district court placed him on probation without pronouncing a term of imprisonment and then, some two years later, ordered that he be sentenced to the penitentiary upon revocation of that probation. Davila relies on *Yates*, even though he concedes that *Yates* is not entirely on point because it involved sentencing features not present in this case.

The essence of Davila's contention is that any sentence that is imposed a year or more after the determination of guilt is "presumptively unreasonable" and, for that reason, is void unless adequate facts and circumstances that excuse the delay are demonstrated by the record. *See Yates.* Davila argues that any circumstances that distinguish his case from *Yates* are immaterial because the same rationale that justifies the requirement for sentencing within a year in the circumstances found in *Yates* also is implicated in a case like his in which probation is granted based upon a single count. Davila then expands upon that argument with his assertion that the burden must be imposed upon the State to establish any extenuating facts or circumstances. *See Yates.*

■ It is clear, in *Yates*, that this court mandated that "a delay in sentencing in excess of one calendar year from the date guilt is established, either by trial, whether to a jury or to the court, or upon a plea of guilty or nolo contendere, is presumptively unreasonable" unless the record demonstrates the presence of extenuating circumstances. *Yates*, 792 P.2d at 191. *See* Rule 33(a)(1), W.R.Cr.P. An unreasonable delay in sentencing results in a sentence that is void and of no effect. *Yates.* Rule 33(a)(1), W.R.Cr.P. In our view, however, the legal concept of *ratio decidendi* inhibits the expansion of those rules to cover Davila's case and, therefore, his arguments must be rejected. *Yates* is not controlling with respect to the outcome of this case.

Davila urges us to expand the *Yates* language to incorporate situations other than that involved in *Yates*. It should be recalled that, in *Yates*, the court was sentencing on multiple counts and, having imposed a sentence of imprisonment with respect to some of those counts, the court then *suspended the imposition* of sentence as to the critical count and placed Yates on probation for ten years on that count with the probation to commence after the completion of the prison sentences. Those sentences were completed and, sometime later, after Yates had commenced probation, the probation was revoked and a prison term imposed. That was the sentencing that the court held to have been unreasonably delayed.

■ The rationale of *Yates* does not lead to a conclusion that it encompasses every instance in which a sentence of imprisonment is not imposed within a year. *Jones v. State*, 811 P.2d 284 (Wyo.1991). Davila was sentenced within four months of his plea of guilty, and he was sentenced to five years on supervised probation. That sentence certainly was imposed in a timely manner and within "one calendar year" from the date his "guilt [was] established." *Yates*, 792 P.2d at 191. There was no suspension of the imposition of sentence in Davila's instance, and the sentence to probation is in itself dispositive

because no sentencing delay can be identified.

Even though Davila's probation subsequently was revoked, and the court imposed a sentence of incarceration, the sentencing of a probationer, after revocation of probation, does not invoke the *Yates* rule. The district court properly substituted a sentence to prison after Davila demonstrated an inability, or refusal, to comply with the conditions of probation. *See* §§ 7-13-302(a), 7-13-305(c), W.S.1977 (June 1987 Repl.). Under the facts of this case, the policy and due process implications that caused the court to rule as it did in *Yates* simply have no bearing. Even though that policy and the due process implications are emphasized in Davila's argument, the sentencing decision of the district court must be affirmed.

We recognize a conception, that we perceive to be misplaced, arising out of certain contentions set forth in Davila's brief, that could be argued by any defendant whose probation is revoked. *Jones.* Davila seems to consider the imposition of jail time, because it was not explicitly determined at the time he was sentenced, to be an event separate and apart from the sentence of probation. That is not a correct interpretation. As we have indicated, probation, by itself, is a valid sentence just as much as incarceration. *Yates. See* Section 7-13-302(a)(i), W.S.1977 (June 1987 Repl.). The imposition of probation, when it starts immediately and contains no provision for additional sentencing upon its completion, does not result in a delay in sentencing even if incarceration time is not specifically addressed. A later imposition of imprisonment is an intrinsic event following a failure to comply with the conditions of probation. The two events, when probation is imposed, are inextricably intertwined, whether the sentencing judge explicitly or-

ders, and then suspends, jail time or not. An incarceration that is imposed to replace an ineffective sentence to probation, in essence, is only a sequential step in the administration of the pre-existing sentence. That approach clearly is permissible and specifically authorized by statute. Section 7-13-305(c), W.S.1977 (June 1987 Repl.), provides as follows:

"For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W.S. 7-13-302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered."

In this case, the district court sentenced Davila to probation. It then became necessary to revoke that probation and proceed as permitted by the statute. The court addressed the case "as if no suspension of sentence or probation had been ordered." The fact that the court continued to manage a lawfully imposed sentence does not equate to an unreasonable delay in sentencing. Sentencing is committed to the sound discretion of the district court, and the imposition of a sentence upon Davila of three to five years to be served in the Wyoming State Penitentiary is affirmed.