Charles Kenneth REAGAN,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 99–322.

Supreme Court of Wyoming.

Dec. 26, 2000.

Representing Appellant: John Fadala, Casper, WY.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

Charles Kenneth Reagan (Reagan) was sentenced to three concurrent terms of not less than three years and not more than nine years [1] on three counts of indecent liberties with a minor [2] (Counts I, II, and III) and to a term of not less than three years and not more than five years on one count of soliciting a minor for sexual relations (Count VII) [3] . The sentences on Counts I, II, and VII were ordered to run consecutively to Count III and, in addition, the sentencing court ordered, "the sentence for Count III shall be and is hereby suspended, and upon the Defendant's termination from parole, he shall be placed on supervised probation for nine (9) years." After the revocation of his probation on Count III, Reagan complains that the above sentencing scheme violates his right to be sentenced within a reasonable time as set forth by this Court in *Yates v. State*, 792 P.2d 187 (Wyo.1990). We conclude that Reagan was sentenced within a reasonable time, and that the sentencing imposed by the district court is in compliance with our decision in *Yates*. Therefore, we affirm the revocation of Reagan's probation.

**1.** Pursuant to a motion to reduce his sentence, the maximum term of Reagan's sentences on Counts I and II were later reduced to six years.

**2.** Wyo.Stat.Ann. § 14–3–105 (Michie 1977, Republished Ed.). The acts giving rise to the charges of taking indecent liberties with a minor and for soliciting a minor for sexual relations occurred between 1984 and 1986 and in 1989.

## ISSUES

Reagan presents a single issue for review:

Does the sentence of the Appellant violate this court's holding in the case of *Yates v. State*, 792 P.2d 187 (Wyo.1990) and thus, require that the Order of the District Court imposing sentence upon the Appellant's probation revocation be vacated?

The State's statement of the issue is substantially similar:

Whether Appellant's right to be sentenced without unreasonable delay was violated?

## FACTS

After his sentencing in 1990, Reagan served the time imposed on Counts I, II, and VII and was ultimately discharged from parole, thus triggering his probationary term on Count III. On August 7, 1998, Reagan filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a) (LEXIS 1999), which claimed that his sentence was improper under the *Yates* decision. That motion was denied on August 17, 1998, and Reagan did not appeal.[4]

Unable to change his predatory habits, Reagan was charged again with taking indecent liberties with a minor. Reagan subsequently pleaded guilty to one count of the charge and was sentenced to a term of not less than four years and not more than six years in the state penitentiary. Based on the incident underlying that conviction, the State petitioned for revocation of Reagan's probation. Reagan resisted the petition based on his contention that his original sentence violated the *Yates* standards. The district court rejected Reagan's position, revoked the probation, reimposed the suspended sentence on Count III and set it to run

**3.** Wyo.Stat.Ann. § 14–3–104 (Michie 1977, Republished Ed.). See Note 2 above.

**4.** This certainly raises the specter of a collateral estoppel defense. However, the State did not raise the defense as a grounds for decision, and we decline to do so *sua sponte.*

consecutively to his most recent conviction. Reagan now appeals to this Court.[5]

## STANDARD OF REVIEW

Our decisions in *Yates* and in subsequent cases have not explicitly set forth a standard for reviewing claims that a sentence was not imposed within a reasonable time. *Yates v. State*, 792 P.2d 187 (Wyo.1990); *Jones v. State*, 811 P.2d 284 (Wyo.1991); *Davila v. State*, 815 P.2d 848 (Wyo.1991). However, this Court has consistently held that sentencing matters are within the sound discretion of the trial court. *See Hodgins v. State*, 1 P.3d 1259 (Wyo.2000); *Brower v. State*, 1 P.3d 1210 (Wyo.2000); and *Smith v. State*, 985 P.2d 961 (Wyo.1999). Accordingly, we adopt abuse of discretion as the standard for reviewing claims arising under *Yates:*

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236 (1985).

*Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)).

## DISCUSSION

Reagan argues that the structure of his sentences violates the precept that a defendant is entitled to have his sentence imposed within a reasonable time of the entry of his conviction as set forth by this Court in the *Yates* decision. Reagan contends that by suspending the second of two consecutive sentences and by placing him on a term of probation that does not commence until he

has been discharged from parole on the first sentence, an impermissible delay in the imposition of his sentence is the result. A close review of our decision in *Yates* and subsequent cases shows that Reagan's contention is incorrect, and that the sentence imposed was within the permissible bounds established in that decision.

In *Yates*, the defendant had been convicted on three counts of delivering a controlled substance to a minor and one count of possession of marijuana and LSD with intent to deliver. 792 P.2d at 188. On three counts (Counts 1, 2, and 4) Yates was sentenced to concurrent terms of two to four years. *Id.* On Count 3, the trial court provided "that imposition of the sentence on Count 3 be suspended for a period of ten (10) years, Defendant to be placed on probation during that ten (10) year period, said probation to be served consecutively to the sentence previously imposed on Counts 1, 2, and 4." *Id.* The trial court stated that if there was a violation of probation, then "the suspension of imposition of sentence shall be terminated and sentence shall be imposed." *Id.* After serving his time on the first three counts, Yates violated the terms of his probation. *Id.* at 189. The trial court revoked Yates' probation and imposed a sentence of two to eight years on the previously suspended Count 3. *Id.* Yates then appealed from the order revoking his probation. *Id.*

We held that a delay in sentencing in excess of a calendar year from the date guilt is established, whether by trial to a jury or the court or by plea, is presumptively unreasonable. *Yates*, 792 P.2d at 191. We explained the rationale behind our holding:

> The rule that we espouse protects important rights of the convicted defendant.

---

5. Reagan did not file a direct appeal from the imposition of his sentence. Instead, he has raised the issue for the first time on an appeal from the revocation of his probation. The same procedural history occurred in *Yates*, and in that case we said:

> When properly imposed according to the statute, we recognize that a sentence of probation is a final and appealable order. *State v. Kinney*, 217 Neb. 701, 350 N.W.2d 552. *See* Annotation, *Appealability of Order Suspending Imposition or Execution of Sentence*, 51 A.L.R.4th 939 (1987). Certainly, the issues that we have

> discussed could, or should, have been raised in the original appeal. We address them here only as collateral to, and perhaps of necessity involved in, Yates' appeal from the revocation of his probation.

792 P.2d at 190. Certainly, the better practice is for these issues to be raised in a direct appeal, or, perhaps, as a motion to correct an illegal sentence under W.R.Cr.P. 35(a). However, like the court in *Yates*, we will endeavor to determine the issue raised by Reagan as it is related, at least collaterally, to the revocation of his probation.

It serves to prevent the possibility that a greater punishment than is deserved will be imposed because of subsequent conduct that results in a violation of the probation. *Commonwealth v. Tiryung*, 709 S.W.2d 454 (Ky.1986). It also serves to ensure that any vagaries of memory will not interfere with the imposition of a sentence appropriate to the individual and the crime. *State v. Fedder*, 1 Utah 2d 117, 262 P.2d 753 (1953). Although these issues are not before us, we note in support of our policy that the punishment for a violation of probation is the imposition of the sentence for which the defendant was placed on probation and, further, as a general rule, any sentence imposed and then suspended during a period of probation may not be increased because of the conduct that serves as the basis for the revocation. The punishment for that conduct is the revocation itself. If the revocation is justified by the commission of a separate crime, the defendant may be convicted of that crime and then sentenced to the full extent permitted by law for it. *See* Annotations, *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R.4th 883 (1983), and *Propriety, in Imposing Sentence for Original Offense after Revocation of Probation, of Considering Acts Because of Which Probation was Revoked*, 65 A.L.R.3d 1100 (1975).

792 P.2d at 192. Yates' sentence for Count 3 was not imposed until after the revocation of his probation, approximately four years after his conviction. Therefore, we concluded that the trial court had failed to impose sentence within a reasonable time, and the court's order imposing sentence upon revocation of Yates' probation was vacated. *Id.*

We had an opportunity to explain our decision in *Yates* in a case decided shortly thereafter. In *Jones*, the defendant pleaded no contest to fourth degree sexual assault and guilty to larceny. 811 P.2d at 285. Jones was sentenced to serve sixty days on the assault count and was placed on two years probation on the larceny count. *Id.* The two counts were to be served concurrently. *Id.* Nineteen months after Jones' plea on the larceny count was entered, an order revoking his probation was entered. *Id.* at 286. In rejecting Jones' contention that his sentencing violated our rule laid out in *Yates*, we replied:

There are no meaningful similarities between *Yates*, and the problems identified there which caused us to vacate the sentence imposed, and this case. In *Yates*, prison sentences were imposed which made it virtually impossible to ascertain when the subsequent term of probation of ten years duration was to begin or end. Our principal concerns were that where sentence is suspended and probation allowed, and the possibility exists that the actual sentence could be imposed some fourteen years after the fact, a greater punishment may be meted out than is deserved because of subsequent conduct that results in a violation of the probation. *Yates*, 792 P.2d at 192. Jones does not raise such an issue here, nor do we perceive a problem in that regard. *See generally*, Annotation, *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R.4th 883 (1983). Additionally, we were concerned that vagaries of memory could serve to interfere with the imposition of a sentence appropriate to the individual and the crime after the passage of so much time. *Yates*, 792 P.2d at 192. Again, Jones raises no such issue, nor do we perceive one.

Most importantly, in *Yates*, we indicated that where sentence is imposed on several counts, the district court may not use the sentencing option outlined in W.S. 7–13–302 (1987 Repl.) in the *same* way it might on a single count. We indicated that that was not possible where a *penitentiary* sentence is involved because the statute contemplates that the term of probation will begin to run immediately upon imposition of sentence. *Yates*, 792 P.2d at 191. We were also concerned that any such sentence must allow for the possibility that a criminal will be granted parole, which is supervised by the executive branch of government, and that probation should not commence until after any such term of parole is completed. Here a sixty-day jail sentence was imposed and that was to be served immediately. But the probation

period also began immediately. Thus, the potential problems to be cured by our decision in *Yates* simply are not present. Jones knew, as do we, precisely when the term of probation was to begin and end. *Jones,* 811 P.2d at 286. (Emphasis in original.) Accordingly, we affirmed Jones' sentence.

The key problem with the sentence in *Yates* is that the trial court imposed consecutive sentences and then suspended the latter sentence in favor of a term of probation without imposing a specified time of penitentiary service for a violation of the probation. The sentence imposed on Reagan does not possess the fatal flaw that was present in *Yates* and, consequently, none of the concerns we noted in that case are applicable here. Like Yates, Reagan was sentenced to consecutive terms of imprisonment with the latter sentence being suspended. Unlike Yates, however, Reagan was sentenced to a specified term of imprisonment, three to nine years, that would be imposed upon a revocation of his term of probation. Thus, there is no concern that Reagan would have his punishment increased as a result of the acts underlying his probation revocation. *Yates,* 792 P.2d at 192; *Jones,* 811 P.2d at 286. Nor is there any concern that the vagaries of memory would interfere with the imposition of an appropriate sentence. *Id.*

An additional concern noted by the *Yates* and *Jones* courts was that in situations where a term of probation was imposed consecutively to a term of incarceration, the term of probation should not commence until any term of parole had been completed. *Yates,* 792 P.2d at 191–92; *Jones,* 811 P.2d at 286. As we noted in *Yates:*

> If the trial court wants to adopt a sentencing mix along these lines, it must select a term of imprisonment and then suspend the execution of that sentence placing the defendant on probation following any term of imprisonment. We add only a caveat that, if such a sentence should be imposed, a court should be careful that the probation under the judicial department of government does not begin until parole, which is controlled by the executive branch of government, has terminated.

792 P.2d at 191–92. The trial court in imposing sentence on Reagan followed the procedure outlined in *Yates* exactly as we suggested. We find no abuse of discretion in the trial court's sentencing of Reagan and, therefore, his sentence is affirmed in all respects.

## CONCLUSION

Reagan's sentence was imposed within a reasonable time. The order revoking his probation and reimposing the suspended sentence is hereby affirmed.