PAUL F. BARROWS, Petitioner, v. THE STATE OF MONTANA and JAMES ESTELLE, Warden of Montana State Penitentiary, Respondents.

No. 11909.
Decided July 14, 1970.
474 P.2d 145.

William F. Crowley, argued, Missoula, for petitioner.

MEMO OPINION

PER CURIAM:

Petitioner, an inmate of the Montana State Prison, seeks an appropriate writ to allow him credit for such time as he has served under his original suspended sentence, and that his sentence be determined as running from the date of imposition, not from the time of revocation of the suspended sentence. Counsel was heard in oral argument ex parte and the matter taken under advisement.

It appears that petitioner, on November 28, 1967, came into the district court, was charged by information with the crime of assault in the second degree, entered a plea of guilty and was sentenced to a term of three years in the state prison. The execution of the sentence was ordered suspended during good behavior, the court retaining jurisdiction.

Thereafter on January 16, 1970, following a hearing upon a petition for revocation, the suspended sentence was revoked and the district court ordered that petitioner be committed to the prison to serve his sentence. The court further ordered that petitioner receive no credit for the time spent on parole under the suspended sentence, save the time actually spent in the Blaine County jail, being 148 days.

Section 94-7821, R.C.M.1947, in effect at the time of the crime herein charged, provided in its pertinent parts:

"In all prosecutions for crimes or misdemeanors, except as hereinafter provided, where the defendant has pleaded or been found guilty, or where the court or magistrate has power to sentence such defendant to any penal or other institution in this state, and it appears that the defendant * * * said court may suspend the execution of the sentence and place the defendant on probation in the manner hereinafter provided. * * *"

This section was interpreted by this Court in State ex rel. Wetzel v. Ellsworth, 143 Mont. 54, 387 P.2d 442 (1963), wherein we held that a sentence of confinement for a term of years, the execution of which was suspended, commenced to run for all purposes on the date the judgment of conviction was entered, and that the failure of prison authorities to give credit for the time between imposition of sentence and revocation resulted in illegal confinement of Wetzel.

The Wetzel case is controlling here and the district court was in error in making the order here complained of.

We would ordinarily issue an order to show cause why a writ of habeas corpus should not issue but it appears from the facts revealed by the record that had this matter been handled in accordance with the statute and our opinion in the Wetzel case petitioner would have served his sentence and been released from the state prison.

524

For this reason we dispense with the issuance of any order to show cause and hearing thereon, and order the authorities at the state prison to forthwith release petitioner from confinement.

Copy of this order should be forwarded to the district court for its information.