PETITION OF DONALD G. DONEY.

No. 12761.
Decided May 17, 1974.
522 P.2d 92.

ORDER

PER CURIAM:

Petitioner, an inmate of Montana State Prison, seeks a writ of habeas corpus, pro se.

Petitioner entered a plea of guilty to a fraudulent check

charge in the fourth judicial district, County of Sanders, while represented by counsel and received a 3 year suspended sentence on January 12, 1971.

Thereafter on May 9, 1972, the court at the same situs, after a hearing without counsel, revoked the suspended sentence and sentenced petitioner to Montana State Prison at Deer Lodge for a term of 3 years.

Petitioner filed a writ of habeas corpus in the district court of the third judicial district, County of Powell, which was denied on February 22, 1974.

Petitioner presents 2 issues to the Court:

(1) That at the revocation hearing petitioner's retained counsel was not present; there was no postponement; and court failed to appoint free counsel.

(2) Petitioner claims he is entitled to 482 days credit from judgment and revocation of suspended sentence.

Petitioner relies on Wetzel v. Ellsworth, 143 Mont. 54, 387 P.2d 442, as authority on issue No. 2 and there is later authority on that statute, Barrows v. State, 155 Mont. 522, 474 P.2d 145, which was in the district court under section 94-7821, R.C.M. 1947, on November 28, 1967, and was repealed on the effective date of the new Criminal Procedure Act, January 1, 1968. The new code section which applied at the time of petitioner's sentence on January 12, 1971, is section 95-2206(3), R.C.M. 1947:

''Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:

''* * *

'' (3) Suspend the execution of the sentence up to the maximum sentence allowed for the particular offense. However, if any restrictions or conditions are violated, *any elapsed time shall not be a credit against the sentence, unless the court shall otherwise order.*''

Therefore, good time under petitioner's facts rests within the discretion of the trial court and will not be disturbed.

Issue No. 1 regarding lack of counsel at the revocation hearing has been treated most recently by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In this case the court has recognized the prior holding in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and Morrissey v. Brewster, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), wherein it was held that appointed counsel is required at all stages of a criminal proceeding, including sentencing, but when sentence is imposed at trial or plea and imposition is suspended for a term with conditions of probation on parole, the criminal proceedings are at an end at sentencing. Quoting from this rationale in Morrissey:

'' 'Parole arises after the end of the criminal prosecution, including imposition of sentence * * *. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.' 408 U.S. at 480, 92 S.Ct. at 2598.''

The court also observed that counsel may be necessary at times to insure fundamental fairness—''the touchstone of due process''—and at state expense. This would be true when there is a sharp difference between the probation officer's view of defendant's conduct and the defendant's view. Otherwise, revocation viewed as part of the rehabilitation process and not the criminal trial or prosecution, counsel will be supplied on a case by case basis as it is neither prudent or possible to attempt to formulate a precise and detained guideline to insure due process because of the infinite variation in cases; so considerable discretion must be allowed the court or agency making this decision.

In the present petition, petitioner waived counsel on the basis

it would not be furnished by the state and proceeded to a hearing.

Area supervisor for the State Board of Pardons, Ralph Fisher, testified to at least 5 arrests and convictions for disturbances in Billings to stealing and drunkenness. Drunkenness seems to play a major role in petitioner's problems and after arrest for this problem the parole officer took petitioner to the Galen Treatment Center for treatment which was refused. Repeated incidents continued to occur including escape from confinement and finally a revocation hearing.

Petitioner did not deny this conduct and in fact admitted to the major part of it and advised the court that there were some instances he could not recall.

This would not come within the class of cases the Supreme Court of the United States had in mind when counsel would be necessary to insure fundamental fairness and due process especially since this same petition has been studied and passed on by the trial court in Powell County.

For the reasons stated the petition is dismissed and the writ denied. A copy of the order shall be forwarded to the district court of Sanders and Powell Counties for their information.