**Raymond WLODARCZYK,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 91–20.**

Supreme Court of Wyoming.

June 24, 1992.

Donald J. Rissler of Brown, Raymond & Rissler, P.C., Casper, for appellant.

Joseph B. Meyer, Atty. Gen:, Sylvia Lee Hackl, Deputy Atty. Gen., and Larry M. Donovan, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

After pleading guilty to a charge of aggravated assault on his elderly father while drunk, appellant Raymond Wlodarczyk was sentenced in 1988 to serve nine months in county jail followed by three years of supervised probation. Having successfully completed the jail term and approximately two years and four months of the three year probationary period, Wlodarczyk started drinking again in violation of the express terms of his probation. With the resulting probation revocation, Wlodarczyk was sentenced to a five to six year prison term. From this sentence he now appeals.

We reverse and remand.

## I. ISSUES

Wlodarczyk states the issues as:

### I.

Whether defendant's due process right was violated because defendant was not properly apprised of the grounds on which his revocation was based, as provided in W.S. § 7–13–408 and as required in Rule 33, W.R.Cr.P.

### II.

Whether defendant's due process right to cross-examine pursuant to § 7–13–408, W.S. 1977 and Rule 33, W.R.Cr.P. were violated by the court's refusal to allow the cross-examination of Officer Lien?

### III.

Was defendant's right to a speedy sentencing violated?

The State rephrases the issues:

I. Did the district court commit reversible err[or] in the course of the proceedings which resulted in the revocation of the appellant's probation.

II. Was the appellant's right to speedy sentencing violated.

Following oral argument and this court's review of the appellate briefs, the parties were ordered to submit supplemental briefing considering the following questions:

1. Was entry of the order o[f] revocation proper when signed by a judge other than the judge who conducted the hearing and, if so, should the order and record in some fashion document under what rule or statute authority existed and the circumstances which occurred so that a different judge from the one who conducted the hearing then signed the decisional document?

2. Is the sentence rendered herein as the result of probation revocation statutorily justified and, if so, by what statute? This topic should include evaluation of the statute under which it is contended the original sentence was rendered and consequent consideration in brief as to what provisions of law provide what rights for resentencing after a possible violation of probation may have occurred during its term.

3. Under what statute, what rule or controlling case do the litigants contend that the probation revocation proceeding was conducted by the district court?

4. Is there a difference in revocation process for violation of probation dependent on whether the revocation proceeding is initiated by representatives of the Department of Probation and Parole or initiated and conducted by the office of the county or district attorney?

Both sides submitted supplemental briefs which addressed this court's questions.[1]

## II. FACTS

Pursuant to a negotiated disposition, Wlodarczyk entered a guilty plea to one count of aggravated assault and battery on

1. Appellant's supplemental and amended supplemental briefs only discussed the first three questions raised by this court. There is no explanation offered as to whether counsel's failure to address this court's fourth question was either intentional or inadvertent.

March 22, 1988. He had been charged with threatening his father with a butcher knife. On May 17, 1988, Wlodarczyk was sentenced by District Judge Spangler to serve nine months in the Natrona County, Wyoming jail, credited with time previously served, and ordered placed on three years of supervised probation following the jail sentence.[2] The district court's judgment and sentencing order stated that Wlodarczyk was guilty of violating the Wyoming aggravated assault statute, but did not identify the probationary sentencing statute applied in the sentence rendered. Probation was conditioned in part on his successful completion of an alcohol rehabilitation program at the Wyoming State Hospital in Evanston, Wyoming, and prohibited possession or consumption of alcoholic beverages. Wlodarczyk did his time in county jail, completed the alcohol rehabilitation program and successfully served the first two-plus-years of his probationary period without significant incident.

Janeice Lynch, the probation officer in this case, stated that until Wlodarczyk's father passed away in September, 1990, Wlodarczyk "followed [the probation officer's] instructions and made an attempt to adhere to his Court-ordered conditions." Further, Lynch stated that Wlodarczyk "had made progress and that he truly was trying to live a law-abiding life." However, within twenty-three days of his father's death on September 3, 1990, Wlodarczyk was arrested on two separate occasions for public intoxication. Wlodarczyk admitted to Lynch he had resumed drinking. In citing the two arrests for public intoxication, Lynch filed a petition for probation revocation.[3]

Wlodarczyk appeared before the other resident district judge, Judge Leimback, on November 9, 1990 for a probation revocation hearing. The Assistant District Attorney began the hearing by describing Wlodarczyk's recent problems with alcohol and public intoxication. In addition, however, the prosecutor also discussed his concern that Wlodarczyk was "out of control." The prosecutor premised his stated opinion on several allegations including claims that several weeks earlier Wlodarczyk had unilaterally discontinued his alcohol counseling program and that he had approached a 12-year-old female at the local mall the previous evening with offers of candy if she would return with him to his residence and view a number of photographs. The presiding judge overruled defense counsel's objection to the prosecutor's recitation of the additional factors supporting revocation.[4] Following further discussion by the

2. Wlodarczyk raises the argument that it is impossible to know whether he was sentenced to nine months in jail *followed* by three years probation or whether the probationary period was intended to be *concurrent* with the jail term. Our reading of the sentencing order and our understanding that Wyo.Stat. § 7–13–107 (1987) was the applicable sentencing statute used in this case directs the conclusion that the probationary term *followed* the nine-month period of county jail incarceration. A review of the discussion about the plea bargain in the transcript also confirms the nine-month jail incarceration was to be followed by three years of probation as the actual agreement made. *See Davis v. United States,* 790 F.2d 716 (8th Cir. 1986).

3. In substantive part, the petition for probation revocation stated:

2. That said *Defendant, RAYMOND WLODARCZYK,* by Order of Court made and entered herein on *May 17, 1988,* was placed on probation *following his plea of guilty to the crime of AGGRAVATED ASSAULT AND BAT-*

*TERY, HONORABLE DAN SPANGLER, JUDGE PRESIDING.*

3. That said Defendant has violated conditions # 2 and # 4 of his Court Order in that he was arrested on September 13, 1990, for Public Intoxication and later forfeited his $60 Bond.

4. That said Defendant has violated conditions # 2 and # 4 of his Court Order in that on September 26, 1990, he was arrested for Public Intoxication and Disturbance. Said Defendant has pled guilty to the Public Intoxication.

5. On October 4, 1990, said Defendant did admit to this Agent, that he had consumed alcohol, which is in violation of condition # 4 of his Court Order.

(Emphasis in original.)

4. During the November 9, 1990 revocation hearing, the following colloquy occurred:

THE COURT: All right, this matter comes to the Court on an application by the State for revocation of probation.

Mr. [Defense Counsel], do you resist the application?

[DEFENSE COUNSEL]: No we don't, Your Honor. We would admit that there were two

prosecutor and defense counsel and a statement by Wlodarczyk, the district court continued the hearing for time to obtain a copy of a psychiatric report.

Upon recommencement of the hearing on November 16, 1990, the prosecutor informed the district court that Wlodarczyk had fallen into an additional drinking episode, that he had threatened his probation officer and members of her family, and that, on the previous day, he had been issued citations for shoplifting and eluding law enforcement authorities. In light of the recent events and present circumstances, the prosecutor stated that he felt the four-to-six year sentence the State had recommended at the November 9 hearing might be too lenient. After the testimony of Probation Officer Lynch, probation was revoked and Wlodarczyk was sentenced to five-to-six years in the state penitentiary. In the revocation discussion and decision, the district court did not identify the statutory or legal basis applied for revocation, nor did the district court define the particular facts and circumstances found to justify the decision made.[5]

public intoxications and that is grounds for revocation, but we would argue the disposition.

THE COURT: [Prosecutor].

[PROSECUTOR]: Your Honor, I know this Court in the past has asked what is sufficient for a revocation and asking what sort of offense. In other probations that I can think of has no alcohol condition been more so as in this case.

As the Court can see, [Wlodarczyk] has been convicted in the last few months of two public intoxications. He admitted consuming alcohol, and was convicted of a recent disturbance.

There have also been numerous other problems.

[The prosecutor proceeded to review Wlodarczyk's criminal history and chronic alcohol problems.]

With us today is [a Casper police investigator] who specializes in investigation of juvenile offenses against juveniles. As [the police investigator] can tell you, since the death of his father, Mr. Wlodarczyk has been something of a constant companion to [the police investigator], numerous reports of neighbors and other persons complaining of what might not be technically law-breaking behavior, but certainly not violations that he himself would lead a worthy life, not technically violations of law, but matters which indicate that once again Mr. Wlodarczyk is involved in a situation where alcohol and his life are out of control.

As recently as last evening, [the police investigator] received a report that Mr. Wlodarczyk approached a 12 year old girl in the Mall last night, offered her candy to return to his residence with him and view a number of photographs. The young lady eventually bec[a]me concerned, scared, and did not go with Mr. Wlodarczyk.

Neighborhood parents contacted [the police investigator] repeatedly about Mr. Wlodarczyk asking young children to enter his home, taking a number of pictures of them, including a young boy, 12 or 13 year old boy in a bath robe. He apparently offers—

[DEFENSE COUNSEL]: Your Honor, I'm going to break in and object. The underlying cause that we are here for today is to talk about whether or not these two public intoxications are conditions for probation revocation. Now [the Prosecutor] wants to talk eloquently about all these charges and innuendos and somehow lead in to a sentencing argument based upon the opinion of [the police investigator]. If we are going to do that, I want an opportunity to cross examine the Officer on what exactly these charges are.

[PROSECUTOR]: Your Honor, this is a disposition—

THE COURT: Overruled.

The police officer, who was present for both the November 9 and subsequent November 16 revocation hearings, was never called to testify.

5. The district court judge concluded the November 16, 1990 probation revocation hearing by stating:

THE COURT: Mr. Wlodarczyk, when you were placed on probation, you were placed out at the sufferance of the Court, that is to say, you had committed a crime but the Court let you out on your promise that you were going to adhere to the law, obey the law and not get in any further trouble. In doing that, we placed a probation officer to supervise your actions. Now if the situation gets to where people who we let out endanger those probation officers and threaten them and abuse them, you know, that is an intolerable situation and it can't be tolerated by the Court. To me, you have breached the opportunity that was given you by the Court in the most severe way.

It will be the Judgment and Sentence of the Court that you—

[WLODARCZYK]: May I say something, please?

THE COURT: —Mr. Wlodarczyk, be sentenced to the Wyoming State Penitentiary for

Judge Leimback was unavailable in Casper, Wyoming for a time after orally announcing the revocation sentence at the November 16, 1990 revocation hearing. As a matter of course in sequential activities, on November 26, 1990, Judge Spangler, as the other resident district judge, signed the revocation sentence order and judgment in accord with the prior oral pronouncement. The order provided, in part:

THIS MATTER having come before the Court on this 16th day of November, 1990, and the Defendant appearing in person and with his attorney, * * *, and the State being represented by * * *, Assistant District Attorney, *and the Defendant having admitted to the allegations in the Petition of Revocation filed herein,* and the Court finding that the probation of the Defendant, as previously established herein and reflected in the Judgment and Sentence filed herein on May 25, 1988, should be revoked;

* * * * * *

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant be remanded to the custody of the Sheriff of Natrona County, Wyoming, to await transfer to the Wyoming State Penitentiary in Rawlins, Wyoming, to serve a term of not less than five (5) years nor more than six (6) years with credit of two hundred seventy one (271) days off the minimum and maximum for time previously served.

(Emphasis added.)

This is the sentence that is now appealed.

### III. THE GENERAL LAW OF PROBATION REVOCATION

In *Mason v. State,* 631 P.2d 1051, 1055 (Wyo.1981), this court examined the controlling principles governing probation revocation:

The law governing probation revocation is controlled by the Fourteenth Amendment right to due process under the law, as well as by Wyoming statute and case law. In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d

a term of not less that five, nor more than six years, and that the probation that was previ-

656 (1973), the United States Supreme Court held that the Fourteenth Amendment requires that a probationer be given a hearing before his probation may be revoked. Gagnon adopted the reasoning of an earlier case, *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which extended the right of a prerevocation hearing to parolees. In both the parole and probation settings, the Court held that parole and probation revocation were not criminal prosecutions and, therefore, did not give rise to the full panoply of rights available under the Sixth Amendment. Nevertheless, parole- and probation revocation proceedings may result in a loss of liberty, thereby triggering the fundamental protections of the due-process clause of the Fourteenth Amendment. *Gagnon,* supra, and *Morrissey,* supra.

In addition, the *Mason* opinion set forth a two-stage process for conducting a probation revocation hearing:

Due process requires that the defendant in revocation cases be given a two-part hearing to determine if (1) there are verified facts proving a violation of the release agreement; and (2) whether in light of a proven violation the probation should be revoked. This hearing must be preceded by a written notice of the claimed violations. Other protections that attach to this hearing include the guarantee of disclosure of the evidence against the defendant, the right to call witnesses and present documentary evidence and the right to confront and cross-examine adverse witnesses. *Morrissey,* supra, 408 U.S. at 489, 92 S.Ct. at 2604.

The method provided for by law under § 7–13–409, W.S.1977, [now Wyo.Stat. § 7–13–408] allows for * * * the administrative [state probation and parole] officer * * * to file a petition *with the district court,* requesting probation revocation. * * * [T]he district court must hold a hearing—as it did here—to deter-

ously granted to you be revoked.

mine whether the conditions of the probation agreement had been violated and whether probation should be revoked.

*Mason,* 631 P.2d at 1055 (emphasis in original).

■■■ It is well established that "[t]he decision to revoke probation lies within the sound discretion of the trial court." *Kahlsdorf v. State,* 823 P.2d 1184, 1187–88 (Wyo. 1991); *Lower v. State,* 786 P.2d 346, 351 (Wyo.1990); *Gronski v. State,* 700 P.2d 777, 778 (Wyo.1985). Sentencing decisions, which include the revocation of probation and imposition of sentence, will not be disturbed on appeal unless the court has clearly abused that discretion. *Lower,* 786 P.2d at 351. Further, this court has said that probation can be revoked on the basis of non-criminal conduct, that the evidence used by the district court to decide to revoke need not establish the violation of the probation condition "beyond a reasonable doubt," and that all revocation requires after hearing the facts is a conscientious judgment by the court that a probation violation has occurred. *Gronski,* 700 P.2d at 778.

## IV. NATURE OF THE ORIGINAL SENTENCE

Before we can assess the probation revocation process, it becomes necessary to establish the character of sentence originally entered in 1988 when the probation term had been created. The separate sentencing statutes to some degree provide different revocation processes and distinguishable resentencing authority. *Kahlsdorf,* 823 P.2d 1184; *United States v. Olivares–Martinez,* 767 F.2d 1135, 1137 (5th Cir.1985).

Our disposition of this case requires a careful examination of interrelated constitutional, statutory, rule and common law principles involved in probation revocation. We compare what has been done procedurally in this case with what was done in other Wyoming probation revocation cases. In making this comparison, one similarity between this case and several other Wyoming cases is obvious—because of lack of specificity, it is often difficult to ascertain exactly what authority (i.e., statute, rule or case law) was used at the district court level for the original sentencing, revocation, or resentencing upon finding a probation violation. *See, e.g., Kahlsdorf,* 823 P.2d 1184; *King v. State,* 720 P.2d 465 (Wyo.1986). Because of the inherent flexibility in sentencing options granted the courts by the Wyoming State Legislature, *see Billis v. State,* 800 P.2d 401, 421 (Wyo. 1990), and the several procedures available for probation revocation (depending on the type of sentence originally imposed), it is necessary to sort through a number of permutations to identify what may have been done in this case.

The 1988 judgment and sentencing order failed to identify the statutory authority utilized by the district court when it imposed sentence. The order stated, in part:

### JUDGMENT AND SENTENCE

THIS MATTER having come before this Court upon the 17th day of May, 1988, and the Defendant appearing in person and with his attorney, * * *, and the State of Wyoming being represented by * * *, Assistant District Attorney, and the Defendant having previously entered his plea of guilty to the charge herein, aggravated assault and battery, defined specifically by W.S.1977, as amended, § 6–2–502(a) and (b), and the Court having before it for its consideration, the presentence investigation report prepared by the Wyoming Department of Probation and Parole, and having reviewed the matter, now proceed[s] to pronounce sentence as follows:

NOW, THEREFORE, IT IS ORDERED that the Defendant be remanded to the custody of the Sheriff of Natrona County, Wyoming, where he shall serve a term of nine (9) months in the Natrona County Jail, with credit for *188* day(s) served previously in the Natrona County Jail.

IT IS FURTHER ORDERED that the Defendant be placed on supervised probation with the Wyoming Department of

Probation and Parole for a period of three (3) years upon the following terms and conditions:

1. That the Defendant be under the direct supervision of the Wyoming Department of Probation and Parole and shall obey that Department's rules and regulations.

2. That the Defendant obey the law and lead a worthy life during said probation period.

3. That upon Defendant's [su]ccessful completion of the said jail sentence, he shall be transported by the Natrona County Sheriff's Office to the Wyoming State Hospital where he shall enroll in and successfully complete the substance abuse program; upon successful completion of the substance abuse program, the Natrona County Sheriff's Office shall be notified and return the Defendant back to Casper, Natrona County, Wyoming.

4. That the Defendant shall not possess or consume alcoholic beverages.

Thus, we have in first task to determine the original 1988 statutory sentencing authority used by the district court. Essentially, we resolve this question by process of elimination. Wyoming had seven different types of sentencing choices statutorily authorized [6] compared, for example, to the five found in Florida, *Poore v. State*, 531 So.2d 161 (Fla.1988).

1. Wyo.Stat. § 7–13–201 (1987)—a period of confinement which, except for a death penalty or a life sentence, is an indeterminate sentence. *Duffy v. State*, 789 P.2d 821 (Wyo.1990); *Duffy v. State*, 730 P.2d 754 (Wyo.1986); *Duffy v. Brown*, 708 P.2d 433 (Wyo.1985).

2. Wyo.Stat. § 7–13–301 (1987) [7]—a non-convicted probationary assessment. Utilization is subject to consent of the prosecuting attorney as well as the individual to be sentenced, *Billis*, 800 P.2d 401, and *deferral* of sentencing can be postponed for a period not to exceed five years. *King*, 720 P.2d 465.

3. Wyo.Stat. § 7–13–302 (1987) [8]—probation granted after conviction without any alternative specific confinement sentence

---

**6.** Although somewhat modified by the Wyoming State Legislature, the same seven statutory sentencing choices remain available in 1992.

**7.** The version of Wyo.Stat. § 7–13–301 (this had previously been Wyo.Stat. § 7–13–203 (1977), *see Billis*, 800 P.2d at 407–08, 440), in effect at the time of Wlodarczyk's underlying offense and subsequent disposition stated in relevant part:

(a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty to any misdemeanor except any second or subsequent violation of W.S. 31–5–233 or any similar provision of law, or any felony except murder, sexual assault in the first or second degree or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court. The terms of probation shall include that he:

(i) Report to the court not less than twice in each year at times and places fixed in the order;

(ii) Conduct himself in a law-abiding manner;

(iii) Not leave the state without the consent of the court; and

(iv) Conform his conduct to any other terms of probation the court finds proper.

\* \* \* \* \* \*

(c) If the defendant violates a term or condition of probation at any time before final discharge, the court may:

(i) Enter an adjudication of guilt and conviction and proceed to impose sentence upon the defendant if he previously pled guilty to or was found guilty of the original charge for which probation was granted under this section; or

(ii) Order that the trial of the original charge proceed if the defendant has not previously pled or been found guilty.

(d) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.

**8.** Wyo.Stat. § 7–13–302 (in general this statute had previously been Wyo.Stat. § 7–13–301 (1977) until the 1987 recodification of Title 7), effective at the time of this offense and sentencing, stated:

(a) After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, and following entry of the judgment of conviction, the court may:

(i) Suspend the imposition or execution of sentence and place the defendant on probation; or

(ii) Impose a fine applicable to the offense and place the defendant on probation.

stated. This is straight probation and is seldom found in the Wyoming sentencing system.

4. Wyo.Stat. § 7–13–302—probation for a stated period granted with imposition of the sentence suspended during the period of probation. This is probation with suspended sentencing. *Davila v. State*, 815 P.2d 848 (Wyo.1991).

5. Wyo.Stat. § 7–13–302—probation for a stated period granted with sentence entered but execution of the sentence suspended during the period of probation. This is suspension of the sentence with probation granted. *Lower*, 786 P.2d 346; *McFarlane v. State*, 781 P.2d 931 (Wyo. 1989); *Schmidt v. State*, 738 P.2d 1105 (Wyo.1987).

6. Wyo.Stat. § 7–13–107 (1987)—split sentencing involving incarceration in the county jail for a period not to exceed one year with a probationary sentence to follow county jail confinement involving probation granted for the balance of the established sentence. This is the classical split sentence arrangement, *see Poore*, 531 So.2d 161.

7. Wyo.Stat. § 7–13–107—split sentencing involving incarceration in the county jail for a period not to exceed one year with a probationary sentence to follow county jail confinement with probation granted for a stated period following jail confinement with sentencing postponed subject to entry if probation is revoked. *Villery v. Florida Parole and Probation Commission*, 396 So.2d 1107 (Fla.1980).

The district court had those seven dispositional choices when it originally sentenced Wlodarczyk in 1988. By reviewing the facts in this case in light of the statutory alternatives available to the district court, we eliminate all but one. Wlodarczyk's nine month county jail incarceration plus three years of supervised probation was not a straight prison sentence pursuant to Wyo.Stat. § 6–2–502(b) (1988). Wyo.Stat. § 7–13–301 was not used since: (1) it does not provide for incarceration as a condition of deferred prosecution, *see Laing v. State*, 746 P.2d 1247 (Wyo.1987); (2) Wlodarczyk was not eligible for first offender status

since he had previously been convicted of a felony; and (3) the district court *entered* a judgment of guilt against Wlodarczyk when it sentenced him in 1988. Finally, Wyo.Stat. § 7–13–302 was not used since doing so would require characterizing the 1988 sentence as three years of suspended prison time with the nine months of county jail incarceration imposed as a condition of probation. Wyo.Stat. § 7–13–401(a)(x) (Supp.1991) defines probation as:

> "Probation" means *a sentence not involving confinement* which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions[.]

(Emphasis added.) Thus, county jail incarceration could not be viewed as a "condition" of probation. Further, the district court did not suspend execution of the sentence in this case—Wlodarczyk served the nine months in county jail.

Thus, we are left with Wyo.Stat. § 7–13–107, entitled "Split sentence of incarceration in county jail followed by probation[.]" Wyo.Stat. § 7–13–107 stated in relevant part and was clearly the applied statute used for sentencing in 1988:

> (a) Following a defendant's conviction of, or his plea of guilty to any felony, other than a felony punishable by death or life imprisonment, the court may *impose any sentence of imprisonment* authorized by law and except as provided in subsection (g) of this section, may in addition provide:
>
> > (i) That the defendant be confined in the county jail for a period of not more than one (1) year; and
> >
> > (ii) That the *execution of the remainder of the sentence be suspended* and the defendant placed on probation.
>
> \* \* \* \* \* \*
>
> (c) Except as provided in subsection (a) of this section, the court *may impose a split sentence of incarceration followed by probation in any felony case* including those in which the statute violated

specifically provides for a sentence of imprisonment in the state penitentiary.

\* \* \* \* \* \*

(g) No person convicted of a felony may be sentenced to the county jail unless the judge, after consultation with the sheriff, determines that adequate facilities are available and that the jail is not overcrowded.

(h) A defendant sentenced under this section is not eligible for parole and is not subject to good time allowances authorized under W.S. 7–13–420. The sentencing court shall continue to have jurisdiction over the defendant during the entire time he is confined in county jail and thereafter while the defendant is serving his term of probation.

(Emphasis added.)

■ At first glance, Wlodarczyk's original sentence comports with Wyo.Stat. § 7–13–107(a) and (c). The district court imposed a split sentence of incarceration (nine months in the Natrona County Jail) followed by three years of supervised probation for the aggravated assault—a felony which carries a sentence of imprisonment in the state penitentiary.[9] Inquiry cannot be ended here, however, since statutory examination and national case law reveal a differentiated status of split sentencing characteristics with one designated as a classical split sentence and the other a probationary split sentence. *Poore,* 531 So.2d at 164. The differences in character between the two types of split sentences define the residual sentencing discretion retained by the district court upon revocation. In the case of the classical split sentence, only the period remaining upon revocation can be enforced by confinement. The probationary split sentence permits the

sentencing judge to resentence to any sentence which might have originally been imposed.[10]

Although the differentiation for this case is not without question, we apply the terms as stated, apply lenity for interpretation of the original sentencing order, and find a classical split sentence since no intent to provide a right to revoke and completely resentence during the probationary term is demonstrable. *Ruth v. State,* 574 So.2d 225 (Fla.App.1991); *Poore,* 531 So.2d 161. Similarly, although not resulting from a split sentence, see *Cooper v. State,* 278 Ark. 394, 645 S.W.2d 950 (1983); *Barrows v. State,* 155 Mont. 522, 474 P.2d 145 (1970); *State ex rel. Wetzel v. Ellsworth,* 143 Mont. 54, 387 P.2d 442 (1963); and *State ex rel. Benzing v. Benzing,* 104 N.M. 129, 717 P.2d 105 (1986).

## V. NATURE OF THE PROBATION REVOCATION

Having determined the applicable sentencing statute, we look next at what authority the sentencing court had to revoke Wlodarczyk's probation in 1990. As was the case in determining the statutory basis for Wlodarczyk's original sentence, we are again faced with a record void of stated statutory citation describing the revocation process utilized. As before, we utilize a process of elimination to determine what was done and whether it was proper.

■ In our review of Wyoming probation revocation statutes and case law, we find that it is possible to delineate revocation procedures within four relatively distinct categories: (1) Wyo.Stat. § 7–13–301; (2) Wyo.Stat. §§ 7–13–304 and 7–13–305 (1987); (3) Wyo.Stat. § 7–13–408 (1987) ad-

---

9. In responding to this court's second question requiring supplemental briefing, both Wlodarczyk and the State make somewhat confusing and convoluted arguments in discussing the applicability of Wyo.Stat. § 7–13–107(a). Both seem to read portions of Wyo.Stat. § 7–13–107(a) (i.e., "the court *may* impose any sentence \* \* \* *may* in addition provide") as being mandatory rather than discretionary or permissive. (Emphasis added.)

10. This differentiation is essentially the same as the difference under Wyo.Stat. § 7–13–302 where, in one case, the maximum length of sentence to be served upon revocation is predetermined in the original sentencing order (sentencing choice five above) and, in the other (sentencing choice four), resentencing can occur at any time after revocation to a term which was originally available for the offense charged.

ministrative revocation;[11] and (4) "judicial" revocation defined within W.R.Cr.P. 33 which was in effect at the time of these events and has, since March 24, 1992, been superseded by W.R.Cr.P. 39. *See, e.g., Cooney v. Park County,* 792 P.2d 1287, 1308 (Wyo.1990), *cert. granted and judgment vacated* — U.S. ——, 111 S.Ct. 2820, 115 L.Ed.2d 965 (1991). Despite some common ground regarding constitutional rights involved in revocation, the procedures have decidedly different implications depending on the type of probationary sentence involved. Structurally, there are two revocation processes: (1) judicial revocation for probation; and (2) administrative revocation for parole under the executive agency, Department of Probation and Parole, and the adjudicatory Board of Parole. The judicial revocation resentencing authority is confined by the statute employed by the court in entering the initial sentence.

It is apparent that first offender deferred sentencing imposed under Wyo.Stat. § 7–13–301 is not compatible with traditional revocation procedures, since Wyo.Stat. § 7–13–301 does not use the term "revoca-tion," per se. Instead, Wyo.Stat. § 7–13–301(c)(i) provides that a defendant whose guilt has been determined and who violates a term or condition of his probation is subject to the court's imposition of the originally available sentence. This is initial sentencing upon probation violation.

A probationary sentence under Wyo.Stat. § 7–13–302, which provides either the suspended sentence with probation or the suspension of sentence (suspension of imposition or suspension of execution of sentence), is subject to revocation pursuant to Wyo.Stat. §§ 7–13–304 and 7–13–305. Wyo.Stat. § 7–13–305(c) states:

> For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at any time during the period of suspension of sentence or probation under W.S. 7–13–302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of proba-

**11.** The issue is not directly presented by this appeal to question whether Wyo.Stat. § 7–13–408 was ever properly available for probation revocation in distinction to utilization of W.R.Cr.P. 33 (now W.R.Cr.P. 39). The issue, at least recently, has not been directly considered since all appellate cases involved the judicial and not the Wyo.Stat. § 7–13–408 administrative revocation approach. The source of initial filing in the court is not determinative whether initiated by a probation officer or through action of the prosecuting attorney. The distinction is defined by the source of decision comparing court ordered or administrative revocation decisional results. *State v. Reisch,* 491 P.2d 1254 (Wyo.1971); *Knobel v. State,* 576 P.2d 941 (Wyo.1978); *Murphy v. State,* 592 P.2d 1159 (Wyo.1979); *Smith v. State,* 598 P.2d 1389 (Wyo.1979); *Weisser v. State,* 600 P.2d 1320 (Wyo.1979); *Buck v. State,* 603 P.2d 878 (Wyo. 1979); *Ketcham v. State,* 618 P.2d 1356 (Wyo. 1980); *Mason,* 631 P.2d 1051; *Minchew v. State,* 685 P.2d 30 (Wyo.1984); *Gronski,* 700 P.2d 777; *Longwell v. State,* 705 P.2d 336 (Wyo.1985); *Panesenko v. State,* 706 P.2d 273 (Wyo.1985); *Collins v. State,* 712 P.2d 368 (Wyo.1986); *King,* 720 P.2d 465; *Chapman v. State,* 728 P.2d 631 (Wyo.1986); *Lackey v. State,* 731 P.2d 565 (Wyo. 1987); *Schmidt,* 738 P.2d 1105; *Mower v. State,* 750 P.2d 679 (Wyo.1988); *McFarlane,* 781 P.2d 931; *Lower,* 786 P.2d 346; *Yates v. State,* 792 P.2d 187 (Wyo.1990); *Craig v. State,* 804 P.2d 686 (Wyo.1991); *Swackhammer v. State,* 808 P.2d 219 (Wyo.1991); *Jones v. State,* 811 P.2d 284 (Wyo.1991); *Davila,* 815 P.2d 848; *Kahlsdorf,* 823 P.2d 1184.

The one case possibly different under its peculiar facts making it impossible to be sure as to the approach undertaken for revocation is *Cooney v. Park County,* 792 P.2d 1287 (Wyo.1990), *cert. granted and judgment vacated* — U.S. ——, 111 S.Ct. 2820, 115 L.Ed.2d 965 (1991). Whether initiation of the process was intended to be administrative, Wyo.Stat. § 7–13–408, or judicial, W.R.Cr.P. 33 (now W.R.Cr.P. 39), the ultimate resolution ended with a judicial release based on the unfounded charges utilized for initiation of revocation action.

Before the presently pending case of *Pisano v. State* (No. 91–138) came to this court, there had been only one appellate case involving the right to parole and it did not consider revocation. *Dorman v. State,* 665 P.2d 511 (Wyo.1983).

The dual questions of separation of power under Wyo. Const. art. 2 and efficacy of the Wyoming Rules of Criminal Procedure need not be pursued in this case for determination of whether a Wyo.Stat. § 7–13–408 process can ever be utilized to revoke probation. In this case, the proceeding as with the other listed appellate proceedings was clearly a W.R.Cr.P. 33 (now W.R.Cr.P. 39) judicial revocation approach.

tion or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.

Thus, Wyo.Stat. § 7–13–302 probation violations are handled pursuant to a Wyo.Stat. § 7–13–305 judicial proceeding. As provided by Wyo.Stat. § 7–13–305(c), if a probation violation is established during the revocation hearing, the sentencing court may, where sentence was suspended, impose any sentence available at the time probation was originally granted as a general resentencing authority. Where execution of the sentence was suspended, the court may on resentencing require the service of the original sentence which was suspended or any part thereof.

■ If a defendant is given a "split sentence" (incarceration followed by probation) pursuant to Wyo.Stat. § 7–13–107, probation violations will likewise be determined under the sentencing court's continued jurisdiction during the period of probation pursuant to the Wyoming Criminal Rules of Procedure.[12] *Weisser v. State,* 600 P.2d 1320 (Wyo.1979); *Knobel v. State,* 576 P.2d 941 (Wyo.1978); *State v. Reisch,* 491 P.2d 1254 (Wyo.1971).

Conversely, Wyo.Stat. § 7–13–408 provides an expansive and complex administrative agency procedure for revocation of parole from which rights to judicial review, or absence thereof, will be addressed by this court in *Pisano v. State* (No. 91–138). *See also Heffernan v. State,* 824 P.2d 1271

12. W.R.Cr.P. 33 then effective and now replaced by W.R.Cr.P. 39 stated in total simplicity:
 (a) Sentence.
 (1) Imposition of Sentence.—Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit defendant, continue or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the punishment.
 \* \* \* \* \* \*
 (f) Revocation of probation.—The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.
Some of the confusion in this area of the law should be eliminated under newly adopted Rule 39 of the Wyoming Rules of Criminal Procedure (effective March 24, 1992). As it relates to the particular issues in this case, W.R.Cr.P. 39 replaces former W.R.Cr.P. 33(f) and states in part:
 (a) Revocation of probation.—Proceedings for revocation of probation shall be initiated by a petition for revocation filed by the attorney for the state, setting forth the conditions of probation which are alleged to have been violated by the probationer and the facts establishing the violation.
 (1) Process.—If it appears from a verified *petition to revoke probation, or from an affi*davit or affidavits filed with the petition, that there is probable cause to believe the probationer violated the terms of probation, the court shall order the probationer to appear before the court on a date and time stated to answer to the allegations in the petition. Upon the written request of the attorney for

the state demonstrating good cause therefor, the court may issue a warrant for the probationer. A copy of the petition for revocation shall be served upon the probationer along with the order to appear or warrant.
 (2) Appearance.—A probationer arrested on a warrant and taken into custody shall be taken before a judicial officer without unnecessary delay, but in any event within 48 hours of arrest.
 \* \* \* \* \* \*
 (4) [Correctly renumbered] Plea.—The probationer shall be given a copy of the petition for revocation of probation before being called upon to plead. The probationer shall be called upon to admit or deny the allegations of the petition for revocation. If the probationer admits the allegations of the petition, the court may proceed immediately to disposition, or may set a future date for disposition. If the petitioner denies the allegations of the petition, or declines to admit or deny, the court shall set the matter for hearing.
 \* \* \* \* \* \*
 (5) [Correctly renumbered] Hearing.—At the hearing upon the petition for revocation of probation, the state must establish the violation of the conditions of probation alleged in the petition by a preponderance of the evidence.
 (A) The probationer shall have the right to appear in person and by counsel, and to confront and examine adverse witnesses.
 (B) The Wyoming Rules of Evidence shall apply to the adjudicative phase of probation revocation hearings, but not to the dispositional stage.
 (6) [As correctly renumbered] Findings.—If the court finds a violation of conditions of probation and revokes probation, it shall enter an order reciting the violation and the disposition.

(Wyo.1992).[13]

It has never been directly addressed by this court but there is, to put it mildly, an intrinsic anomaly and extrinsic confusion to be found within Wyo.Stat. § 7–13–408. In essence, the complexity has not been identified in decisions because except for exclusionary reference, the aspects of Wyo.Stat. § 7–13–408, which can be related to a non-administrative—consequently judicial—revocation, have been ignored in case analysis. This has included the operational activities by the agency except for the "right of the probation officer" to file a petition for revocation in the district court, as occurred here, without the involvement or assistance of the county attorney. Any future utilization of that lay person probation officer for direct judicial filing is now foreclosed by both the practice of law concerns directed to parental termination cases in *In Interest of SVG*, 826 P.2d 237 (Wyo.1992) and *In Interest of DG*, 825 P.2d 369 (Wyo.1992) and by the rewritten text of W.R.Cr.P. 39 (formerly W.R.Cr.P. 33) which requires county attorney processing as the practice of law.

A review of the text of Wyo.Stat. § 7–13–408 provides an understanding of what has occurred in some of the Wyoming probation revocation cases. It is found that the probation officer initially files the petition under his own signature in the district court and, probably by ex parte contact with the judge, obtains issuance of a warrant without initial county attorney involvement of any kind in representation of the public as its chief law enforcement officer.[14] However, nothing of record in these judicial probation revocation cases documents a practice of conducting the statutorily required pre-notification hearing which is detailed to be provided in the administrative revocation process within the text of Wyo.Stat. § 7–14–408(a) and (b). *See King*, 720 P.2d 465 and *Weisser*, 600 P.2d 1320.

■ Our recent case law has separately addressed executive agency by-pass of the county attorney representation in court proceedings in the parental termination cases cited above, and the present text of the probation revocation rule, W.R.Cr.P. 39, is definitely structured to intentionally require initial involvement of the county or district attorney for the practice of law function intrinsically involved in judicial probation termination proceedings. Consequently, Wyo.Stat. § 7–13–408 for judicial revocation proceedings in probation cases and its process of notice or arrest based on the issuance of a bench warrant is superseded by W.R.Cr.P. 39.

## VI. RESENTENCING ALTERNATIVES

Just as there are a variety of ways to revoke probation, there are also several resentencing alternatives available dependent upon the particular sentencing authority originally used by the district court. On one hand, a defendant who violates probation pursuant to a deferred sentence under Wyo.Stat. § 7–13–301 is subject to resentencing as though probation had never been granted. Wyo.Stat. § 7–13–301(c). When a Wyo.Stat. § 7–13–302 probationary sentence is revoked pursuant to a Wyo. Stat. § 7–13–305 revocation proceeding, Wyo.Stat. § 7–13–305(c) mandates that "the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered." In other words, enforce the sentence if execution had been suspended or as the general alternative to enter a sentence if imposition of a sentence had been deferred at initial sentencing.

■ On the other hand (and unlike Wyo. Stat. § 7–13–302 probationary options just discussed), if a Wyo.Stat. § 7–13–107 "split sentence" is revoked, alternatives for the sentencing court depend upon the original sentence whether classical or probationary in stated provisions. A probation revocation of a classical Wyo.Stat. § 7–13–107 "split sentence" does not carry with it the right upon revocation to resentence for any

---

**13.** We do not consider whether Wyo.Stat. § 7–13–408 may also authenticate *judicial revocation of parole.*

**14.** *Davila*, 815 P.2d 848; *King*, 720 P.2d 465; *Weisser*, 600 P.2d 1320.

originally available sentence. *Ruth*, 574 So.2d 225. However, if the terminology of the "split sentence" was tailored to be within the probationary classification, then a right of full resentencing is retained by the district court. *See Poore*, 531 So.2d 161.[15]

 Jeopardy attaches at the time a defendant sentenced under Wyo.Stat. § 7–13–107 begins to serve his confinement term and the underlying constitutional principle of double jeopardy prevents imposition of a longer sentence than was originally imposed. *State v. Ryan*, 86 N.J. 1, 429 A.2d 332, 336–37, *cert. denied* 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981) (quoting *State v. Matlack*, 49 N.J. 491, 501, 231 A.2d 369 (1967)) (holding that "jeopardy attaches once the defendant has commenced serving his prison term" and that " 'serious double jeopardy problems' " would arise if a trial judge were permitted to increase a sentence once it has already gone into operation); *but see United States v. McMillen*, 917 F.2d 773, 777 n. 6 (3rd Cir.1990).

This court's dicta in *Yates v. State*, 792 P.2d 187 (Wyo.1990) (a Wyo.Stat. § 7–13–302 probation revocation case) also speaks indirectly to this issue. In *Yates*, 792 P.2d at 192, this court stated:

> The rule that we espouse protects important rights of the convicted defendant. It serves to prevent the possibility that a greater punishment than is deserved will be imposed because of subsequent conduct that results in a violation of the probation. *Commonwealth v. Tiryung*, 709 S.W.2d 454 (Ky.1986). It also serves to ensure that any vagaries of memory will not interfere with the imposition of a sentence appropriate to the individual and the crime. *State v. Fedder*, 1 Utah 2d 117, 262 P.2d 753 (1953). *Although these issues are not before us, we note in support of our policy that the punishment for a viola-*

> *tion of probation is the imposition of the sentence for which the defendant was placed on probation and, further, as a general rule, any sentence imposed and then suspended during a period of probation may not be increased because of the conduct that serves as the basis for the revocation. The punishment for that conduct is the revocation itself. If the revocation is justified by the commission of a separate crime, the defendant may be convicted of that crime and then sentenced to the full extent permitted by law for it.*

(Emphasis added.)

 Consequently, we hold as a matter of law that, upon revocation of a Wyo.Stat. § 7–13–107 "split sentence" as a classical "split sentence" category, the district court did not have authority to resentence Wlodarczyk to five-to-six years in the state penitentiary. Upon revocation of "split sentence" probation, the district court could not impose a new sentence or extend the duration of incarceration beyond the remaining portion of the original three year probationary period (approximately eight months). This is identical in result with the decision in *Buck v. State*, 603 P.2d 878 (Wyo.1979); although there, a "split sentence" was not involved. See the discussion of suspension of the imposition of sentence compared with imposition of sentence with suspension of execution. *Id.* at 879 n. 1. *See also Lackey v. State*, 731 P.2d 565 (Wyo.1987) where the probationary term expired before revocation was attempted. For this case, we apply the rule of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and determine that the revocation is accomplished by confinement for the balance of the initially established period. *Id.; Ryan*, 429 A.2d 332. We reverse this aspect of the district court's actions in this case.

---

**15.** The significant difference between Wyo.Stat. § 7–13–302 sentencing processes compared to at least the classical "split sentence" is that, in the latter case, street time credit is realized since the available confinement sentence is restructured for and limited by the remaining time of probation. The issue for the probationary "split sentence" where clearly stated in intent could only become material if the resentence time were to max-out beyond the statutory maximum permitted for the criminal offense.

■ To summarize and synthesize, revocation of probation is a judicial responsibility and jurisdiction of an individual granted probation remains vested in the judicial branch of government during any probationary period of non-incarceration. *Smith v. State*, 598 P.2d 1389 (Wyo.1979).

■ Except as Wyo.Stat. § 7–13–408 supports the foundational supervisory responsibility of probation agents for probation revocation cases, the statute has been nullified and superseded by Wyoming case law and W.R.Cr.P. 39 for all aspects of probation revocation. *See Weisser*, 600 P.2d 1320; *Smith*, 598 P.2d 1389; and *Knobel*, 576 P.2d 941. The exclusive process for probation revocation is judicially handled by a filing through the office of the prosecuting attorney by either an order to show cause and summons or a petition to revoke enforced by an application and the issuance of a bench warrant for arrest. Reasons for immediate issuance of a warrant instead of utilization of the order to show cause are to be demonstrated on the face of the application for issuance of the bench warrant. W.R.Cr.P. 39. *Cf. Cooney*, 792 P.2d 1287.

Although the illegality of the district court's imposition of a five-to-six year sentence following revocation of the original "split sentence" requires a change of the sentence upon remand, *United States v. Principato*, 717 F.2d 1313 (9th Cir.1983) *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1448, 79 L.Ed.2d 767 (1984), other issues remain. We address Wlodarczyk's other appellate issues because of their constitutional significance and procedural bearing on future proceedings in this case.

## VII. DISCUSSION OF FURTHER ISSUES OF THE CASE

Because of the complex and interrelated issues involved in this case, we begin by summarizing the appellate arguments raised by the parties. In his appellate brief, Wlodarczyk contends that if we decide the third issue (speedy sentencing) in his favor, then the five-to-six year sentence must be reversed and he should be allowed to serve the remainder of his original probationary term. If we do not recognize a speedy sentencing violation, then he argues that this case should be remanded to the district court for rehearing in full recognition of the due process right to properly confront *all* the revocation charges. In addressing the additional questions presented by this court for supplemental briefing, Wlodarczyk essentially responds by arguing that his case should be either remanded to the district court for failure to follow Wyo.Stat. § 7–13–408 or, in the alternative, he should be released because his original sentence did not comport with the split sentencing provisions in Wyo.Stat. § 7–13–107.

The State counters by arguing that no error was committed by the district court in Wlodarczyk's probation revocation hearing. Further, the State contends that public policy supports the district court's retention of flexibility in resentencing a probationer who violates conditions imposed on his probation. Following the same theme, the State responds to this court's request for supplemental briefing by claiming the absence of procedural error in the revocation proceeding. The State also contends that the district court properly applied Wyo.Stat. § 7–13–107 when it originally imprisoned Wlodarczyk for nine months in county jail followed by three years of probation.

### A. *Due Process*

■ Of these issues and varied contentions, one of the most significant examines a probationer's due process rights in a probation revocation proceeding judicially conducted pursuant to W.R.Cr.P. 33 (now W.R.Cr.P. 39). In *Cooney*, 792 P.2d at 1294, we said:

Our statutory provisions and our case law provide the proper due process protections to which a probationer faced with possible probation revocation is entitled. Among the many safeguards which our law affords the probationer in that circumstance are rights to written notice of the nature and content of the allegations, a probable-cause hearing before a judge, an opportunity to consult

with any persons whose assistance he reasonably desires, confront and examine any person who has made allegations against him, counsel, present evidence on his own behalf, and a decision on the merits by the sentencing judge who makes a conscientious judgment after hearing the facts. See W.S. 7–13–305, 408; W.S. 7–6–104; *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Minchew*, 685 P.2d at 31–32. Essentially, *Cooney* restates in more expansive fashion the same procedural safeguards first recognized by this Court in *Mason*, 631 P.2d at 1055.

The petition for revocation presented to the district court by Probation Officer Lynch suggested that Wlodarczyk's probation should be revoked because of *two incidents of public intoxication and his admission to having consumed alcohol.* When Wlodarczyk appeared at the November 9, 1990 hearing, he acknowledged the alcohol-related incidents in violation of his probation. This admission satisfies the first of the two-part *Mason* requirement—that the district court establish verified facts proving a violation of the probation agreement. The district court's remaining task was to determine whether probation should be revoked "in light of a *proven* violation." *Id.* at 1055 (emphasis added).

In this case, since Wlodarczyk admitted his alcohol-related offenses, the district court did not *have* to consider allegations of other misconduct prior to revoking his probation. This court has held that a probationer's voluntary admission of conduct in violation of a condition of probation justifies revocation. *Lower*, 786 P.2d 346 (probation revocation affirmed after probationer admitted having used marijuana in violation of probation conditioned upon non-use of controlled substances). The district court in this case *could* have limited its review to Wlodarczyk's alcohol-related offenses; the record clearly indicates that it did not.

Several aspects in this case are remarkably similar to the facts in *Schmidt*, 738 P.2d 1105.[16] In *Schmidt*, the appellant was placed on probation for eight years after pleading guilty to forgery and receiving an eight-to-fourteen year suspended prison sentence. Approximately four and one-half years into the probationary sentence, a petition for revocation was filed in district court charging appellant with two incidents of intoxication, possession of firearms, and three counts of driving while under the influence of alcohol. After denying a motion for continuance of the revocation hearing sought by appellant's counsel, the court heard testimony from four witnesses, including appellant. The court found that the appellant had violated terms of his probation (i.e., that he conduct himself in a lawful manner at all times and that he not consume alcohol during the probationary term), revoked his probation, and reimposed the original prison sentence that had previously been suspended. *Id.* at 1106. On appeal with a primary question of the propriety of the district court's denial of a continuance, this court, with two justices dissenting, affirmed the revocation and reimposition of the sentence. *Id.* at 1108.

*Schmidt* is noteworthy in part because of what the appellant failed to do in bringing his appeal:

Appellant's brief makes perfunctory reference to hearsay testimony at the hearing regarding firearms, and testimony regarding matters not charged in the petition to revoke probation. We will not address these matters because appellant has not favored us with cogent argument nor has he cited authority in support of these alleged irregularities.

*Id.* at 1107.

In the present case, Wlodarczyk has done precisely what *Schmidt* failed to do. He raised both the proper notice and right of confrontation issues before the district court and again in his appeal before this

---

**16.** This court's opinion in *Schmidt* did not recite a statutory basis for imposing probation in lieu of a prison sentence as well as any basis for conducting the revocation proceeding. It is clear, however, that *Schmidt* was not a "split sentence" case pursuant to Wyo.Stat. § 7–13–107.

court. He presents cogent argument and cites authority to support his contentions. We recognize the constitutional importance of these procedural issues and give them their proper due. U.S. Const. amend. XIV; Wyo. Const. art. 1, §§ 6 and 10.

We further distinguish the result in *Schmidt* on a non-constitutional level as well. In *Schmidt*, 738 P.2d at 1108, we concluded that "[t]here was ample evidence, most of which was not denied, to justify revocation. The trial court did not abuse its discretion in revoking probation and reimposing the original sentence." The difference in this case is that the only *proven* violations of which the probationer received proper notice were the incidents of alcohol consumption.

The realistic question is whether, under the facts of this case, the questions of due process defined in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and adopted in *Mason*, 631 P.2d 1051 require a remand for a further revocation hearing. Clearly, sufficient evidence for a probation revocation existed without regard for the unnoticed events which were overtly considered by the court including the relationship of the probationer to his probation officer. In view of our conclusion that the only action that could be taken in accord with this specific sentence at revocation was to require confinement for the balance of the probation time, we perceive no due process issue which would require further hearing except for the entry of an order of confinement for the period of time remaining on the three year probationary sentence (approximately eight months) as determined at the date when the petition for revocation was filed with the district court.[17]

B. *Speedy Sentencing*

Wlodarczyk relies on this court's decision in *Yates*, 792 P.2d 187 for the proposition that his right to speedy sentencing was violated. Wlodarczyk argues that since his probation revocation sentence of five-to-six years of imprisonment was not imposed until more than three years after imposition of his original sentence, then the delay exceeded the one calendar year limitation in *Yates* and is, thus, presumably unreasonable.

It appears that Wlodarczyk makes the same argument addressed by the court in *Davila*, 815 P.2d at 850:

We recognize a conception, that we perceive to be misplaced, * * * that could be argued by any defendant whose probation is revoked. * * * Davila seems to consider the imposition of jail time, because it was not explicitly determined at the time he was sentenced, to be an event separate and apart from the sentence of probation. That is not a correct interpretation.

Davila, after pleading guilty to one count of larceny as part of a plea agreement involving multiple charges, was originally sentenced under Wyo.Stat. § 7–13–302 to five years of probation under the supervision of the Wyoming Department of Probation and Parole. Approximately fifteen months later, the department filed a petition with the district court seeking revocation of Davila's probationary status. Probation was revoked and the district court sentenced Davila to three-to-five years in the penitentiary. Citing Wyo.Stat. § 7–13–305(c) as the applicable statute for probation revocation in *Davila*, this court affirmed the district court's actions.

Although Wlodarczyk's argument is essentially the same as the unsuccessful argument raised by the appellant in *Davila*, the result we reach is significantly different. In the present case, we find no speedy sentencing issue since the structure of application we apply for the split sen-

---

**17.** By this conclusion, we do not ignore the requirement for notice of the separate bases upon which revocation is pursued. If those incidents are to be included in either the revocation decision or a separate sentencing decision based on the facts established at the revocation hearing, notice of intent to provide evidence of a violation of the terms of probation is to be viewed as an intrinsic requirement of the revocation and resentencing process. *See* W.R.Cr.P. 39(a)(3), Advice to Probationer, and (4) [in rule reprint in error as (3)] Plea.

tencing is to permit confinement for the period of probation time remaining at revocation. We generally agree with the State that the sentencing process used was the Wyo.Stat. § 7–13–107 "split sentence" and the revocation proceeding was pursued under W.R.Cr.P. 33 (now W.R.Cr.P. 39). Wlodarczyk was subjected to a completed sentence totalling three years and nine months and not a nine-month sentence subject to a period of probation under which revocation could be reserved to the court for complete resentencing authority.

## VIII. VALIDITY OF THE EXECUTION OF THE SENTENCE BY A DIFFERENT JUDGE

■ We concur again with the argument of the State and find that under the circumstances, where the original sentence was derived in plea bargain and then clearly stated in open court with the record preserved, execution of the written document was ministerially appropriate by another district judge from either that district or otherwise assigned to act in that jurisdiction. Wyo. Const. art. 5, § 11; Wyo. Stat. § 5–3–102 (Supp.1991); W.R.Cr.P. 26(b) (now W.R.Cr.P. 25(b)); and, in particular, Wyo.Stat. § 5–3–106 (1977) in conjunction with the constitutional provision. Wyo.Stat. § 5–3–106 states:

> The judges of the several district courts shall hold courts for each other, when from any cause, any judge of a district court is unable to act or to hear, try or determine any cause, or to hold any term or portion of a term of any district court in his district; and in such event the judge so disqualified or unable to act shall call upon one (1) of the other judges of the district court to hear, try and determine such cause, or to hold such term or portion of a term of court, and the said judge so called upon, shall try, hear or determine said cause, or hold such term or portion of a term, with all the jurisdiction, power and authority possessed by the judge of the district court of the district whereto he is called to act as judge.

## IX. CONCLUSION

We affirm the revocation of probation on the basis of the charges presented and the admitted violations precluding use of intoxicating beverages. We reverse the sentence entered and authorize the district court to resentence Raymond Wlodarczyk to confinement for a period no longer than the term remaining on the three year probationary period on the day the petition for revocation was filed.

Remanded for further proceedings in accord herewith.

THOMAS, J., filed an opinion concurring specially.

THOMAS, Justice, concurring specially.

I will agree that this case can lawfully be disposed of in accordance with the majority opinion. I think, however, that the court should be commended for its rescue of the district court from what seems to me to be an awkward and tenuous predicament. I am satisfied that Wyo.Stat. § 7–13–107(a) (1991) quite plainly provides that prior to invocation of the split sentence alternative the defendant must be sentenced to a term of years. That did not happen in this case, but the Court wisely treats the sentence that was imposed as one for three years and nine months. In this unique instance, credit then is given for the time successfully served on probation so that the incarceration is permitted only for the balance of the three years and nine months.

The district court was flirting with an extension of the doctrine of *Yates v. State*, 792 P.2d 187 (1990), leading to a conclusion that no legal sentence was imposed in the first instance, and it now is too late to resentence. This Court has avoided that result, but a proper initial sentence simply would have avoided the question. I read the split sentencing statute as permitting the incarceration in the county jail for up to a year followed by probation only after the predicate condition of imposition of a sentence is satisfied, and I have some difficulty understanding a different interpretation. Certainly, it is a problem that is easily remedied in the sentencing court.

I also believe that the district court has dodged a bullet here that had "due process of law" written all over it. Had the sentence orally imposed by the district judge who held the probation hearing been sustainable, it would be very difficult to conclude that the revocation had not been ordered because of conduct extraneous to the petition to revoke probation. I do not understand that Wlodarczyk ever had notice of the matters involving the young children or the threats to the probation officer and members of her family. It is clear that Wlodarczyk admitted the violation that was charged in the petition, however, and in view of the limited sanction that is approved, the possible constitutional violation can be overlooked as not prejudicial.

I offer these comments in hope that the trial courts will pay more attention to the manner of imposing split sentences and to the constitutional requirements that are present in probation revocation proceedings. The demands are not difficult to satisfy, and the results would be clear and appropriate. The Supreme Court of Wyoming should not have to strain to reach a result such as this. The questions should not arise.